### HALE v. COOPER.

Automobiles—Contributory Negligence—Right Side of Road.

Driver of car in which plaintiff woman was a guest passenger *held*, as a matter of law guilty of contributory negligence imputable to plaintiff, where, after he had passed another car traveling in same direction down hill on ice- or sleet-covered pavement, his car slithered back and forth across pavement, practically stopped partially off pavement on wrong side, and, while crossing to other side, was hit by defendants' car traveling in opposite direction on its proper side of highway.

Wiest, Butzel and Bushnell, JJ., dissenting.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 3, 1934. (Docket No. 52, Calendar No. 38,010.) Decided May 17, 1935. Submitted on rehearing July 18, 1935. Decided on rehearing December 10, 1935.

Case by Lorene Hale against George Cooper and The Oaklands, a Michigan corporation, for personal injuries sustained in a collision between automobiles on a highway. Verdict and judgment for plaintiff. Defendants appeal. Reversed, without new trial.

*Shields & Smith* (*Burke & Burke,* of counsel), for plaintiff.

*Leo H. Robb* and *Frank B. DeVine,* for defendants.

POTTER, C. J. Plaintiff sued defendants to recover damages for injuries received in an automobile collision claimed to have been caused by the negligence of defendants. From a judgment for plaintiff, defendants bring the cause to this court on an appeal in the nature of a writ of error.

Several witnesses were sworn. The testimony is not conflicting as to the essential facts.

Plaintiff was riding as a guest passenger in an automobile driven by a Mr. Ladd. "It was a very bad night. The road was just a glare of ice. It was misting that night and the weather was freezing. As the mist fell it would freeze. Telephone poles, bushes, everything, was covered with a glare of ice." It was a cold sleet storm. Plaintiff had gone with the Ladds from Pontiac to Ann Arbor and says they left Ann Arbor to return at 10 or 10:30 p. m. Frank Barnett and wife were in an automobile ahead of the Ladd car in which plaintiff was riding. Barnett had no trouble. He was driving slowly. Ladd desired to go faster than Barnett was driving, turned out, increased his speed, passed Barnett's automobile and came back to the right-hand side of the highway where it was down grade, took his foot off the accelerator and his automobile began to skid. Plaintiff says:

"The back end skidded toward the left and I can't remember which way the front end went. It happened so suddenly. The car went back and forth across the road, or skidded, three times, and the fourth time we skidded over to the left-hand side of the road. The car skidded three times clear across the pavement, and I think it went across the

fourth time and then there was an accident. At the time of the accident the Ladd car was on the north side of the pavement headed toward the south side. * * * I wouldn't say the Ladd car was on the pavement, on the north side of the road. * * * We were headed toward the north side of the road, and we had turned and started back to the south side when the crash happened.''

Defendants' automobile, it is conceded, was partially off the paved portion of the highway on the right-hand side thereof, and plaintiff would not have been injured had not the driver of the Ladd automobile shifted gears and accelerated his engine speed, the automobile gaining momentum from the rear wheels being on the gravel, and whipping his car around so as to head it in the opposite direction, with its rear wheels on the gravel north of the paved portion of the highway, immediately in front of defendants' automobile so as to present the left side thereof to the impact of collision with defendants' automobile.

It is argued defendants might have stopped. But the driver of the automobile in which plaintiff was riding had greater cause to stop. He was in more or less danger after his automobile began to skid. His automobile, his wife says, was practically stopped on the north side of the highway the last time it went over onto the north side, but she says her husband then shifted gears, applied the power, and the car whipped around in front of defendants' automobile so it headed the other way. The automobile in which plaintiff was riding was in motion at the time when by the driver's acts it was suddenly shot directly across the lane of traffic of defendants, making a collision inevitable. There is a dispute among plaintiff's witnesses as to whether Ladd's automobile stopped on the north side of the highway or continued in motion up to the time of the colli-

sion.   The driver thereof had, however, shifted
gears and the automobile was struck at a time when
its rear wheels were off the pavement on the north
side of the highway.   During all of the time after
the first skidding of the Ladd automobile down to
the time it stopped on the north side of the highway,
if it did stop, just prior to the collision, the driver
thereof was seeking to get the car under control.
The driver of defendants' automobile was going in
a westerly direction.   It is conceded by everyone
defendants' automobile was always on its own side
of the highway.   Defendants' driver admits that at
one time he saw the lights of the Ladd automobile
shining in the field.   Defendants' driver was coming
uphill on an icy pavement at a comparatively slow
rate of speed and says he did not dare to use the
brakes on his car for fear of sliding off into the
ditch.   He says he drove off the pavement on his
own side of the highway about 180 feet from the
Ladd car, but the Ladd car started up, whipped
around and headed back across the highway with
its rear wheels on the north side thereof and two or
three feet off the pavement and in so doing placed
itself immediately across his lane of traffic when he
did not have an opportunity to avoid the danger,
and because of the acts of the driver of the auto-
mobile in which plaintiff was riding a collision was
inevitable.

There is but one count in plaintiff's declaration.
It alleges that Arthur W. Ladd, the driver of the
automobile in which plaintiff was a guest passenger,
was driving such automobile in a careful and pru-
dent manner; the skidding of the automobile was
due to no neglect or carelessness on Ladd's part
and at the time of the collision Ladd was in the ex-
ercise of due care and caution; that defendants'
driver was guilty of gross, wilful and wanton neg-
ligence, and such gross, wilful and wanton negli-

gence consisted in driving defendants' automobile at a high rate of speed in wanton and wilful disregard of the rights of others so the driver of defendants' automobile could not bring the same to a stop within the assured clear distance ahead; not having the windshield of the motor vehicle equipped with a windshield wiper; failure to have under control the motor vehicle; carelessly, negligently and recklessly driving into, over and against the Oldsmobile sedan in which plaintiff was riding; the gross, wilful and wanton negligence of defendants in driving their automobile into, over and against the Oldsmobile after discovering its position of peril; the subsequent negligence of defendants; and failure to observe ordinary care in the operation of defendants' automobile.

The answer denied all the material allegations of plaintiff's declaration and alleged the negligence of the driver of the automobile in which plaintiff was riding caused or contributed to the injury. In opening the case to the jury, plaintiff's counsel claimed that even admitting the negligence of the driver of the automobile in which plaintiff was riding, defendants were liable on the theory of subsequent negligence, and that is all he did then claim.

As stated by the trial court:

"This is a claim under what we term subsequent or discovered negligence where the contributory negligence of the plaintiff is not at issue as I understand the law."

The declaration alleges two separate and distinct grounds of recovery, two distinct causes of action, joined together in one count. The case was not tried upon the theory of two distinct causes of action. Upon opening the case to the jury, plaintiff's right to recover was planted upon defendants' subsequent negligence alone. That part of plaintiff's declaration which specifies defendants' gross negligence

and wanton and wilful misconduct may be discarded as surplusage.

There was testimony of the negligence of the driver of the automobile in which plaintiff was riding and that he was not in the exercise of due care and caution in the operation of his automobile. There was no proof of gross negligence or of wanton and wilful misconduct upon the part of the defendants and under the undisputed facts, defendants were, under the declaration, so far as the theory of gross negligence and wanton and wilful misconduct is concerned, entitled under the testimony to a directed verdict. But the case was not tried upon the issue of gross negligence. It was tried upon the theory of defendants' subsequent negligence. Defendants' subsequent negligence was alleged in plaintiff's declaration. Subsequent negligence presupposes the prior negligence of the driver of the automobile in which plaintiff was riding, so his prior negligence is conceded by plaintiff and need not, as such, be further considered.

Court Rule No. 19, § 4 (1933), provides:

"If after a verdict or judgment it appears in any action that a different cause of action has been proved and should have been pleaded, a new count setting up the cause of action so proved may by leave of court be added to the declaration by amendment, and the verdict and judgment shall stand."

If the declaration is improper or insufficient by reason of containing two causes of action in one count, plaintiff may in this court ask leave to amend the same in pursuance of this rule.

The important question is whether the conceded negligence of the driver of the automobile in which plaintiff was riding caused or contributed to plaintiff's injury.

It is well settled that any contributory negligence upon the part of the driver of the automobile in

which plaintiff was riding will not bar the right of plaintiff to recover unless such contributory negligence was the proximate cause of plaintiff's injury. Negligence is a failure to observe that degree of care which the law imposes for the protection of interests likely to be injuriously affected by the want of it. *Kendrick* v. *Towle,* 60 Mich. 363 (1 Am. St. Rep. 526); *Webster* v. *Symes,* 109 Mich. 1.

To recover, it is necessary for plaintiff not only to show negligence on the part of the defendants, but also to show such negligence was a violation of some duty owed by defendants to plaintiff under the circumstances.

Courts may not go back of the proximate cause of an injury. Negligence involves a tortious invasion of legal rights of another. It is not actionable unless it involves the invasion of legally protected interests—unless it constitutes a violation of a right. One is not negligent merely because he fails to make provision against an accident which he could not reasonably be expected to foresee. It was not incumbent upon the defendants to guard against every conceivable result, to take extravagant precautions, to exercise undue care; but defendants were entitled to assume that others using the highway in question would under the circumstances at the time use reasonable care themselves and take proper steps to avoid the risk of injury.

If the driver of the automobile in which plaintiff was riding and the driver of defendants' automobile were jointly liable, and if the negligence of each concurred in producing the collision, plaintiff, but for the doctrine of imputed negligence, would have a right to proceed jointly or severally against them; but, by reason of the doctrine of imputed negligence, could not recover against either. If I place a man in such a situation that he must adopt a perilous alternative, I am responsible for the consequences.

It was not negligence for defendants to drive where they did if they could not be held to have reasonably anticipated injury.

If by reason of Mr. Ladd's maneuvering his automobile suddenly across the path of defendants' car, which is not disputed, defendants had to choose between the dangerous alternative of taking the ditch or colliding with the automobile in which plaintiff was riding, then the driver of the automobile in which plaintiff was riding, and plaintiff upon the doctrine of imputed negligence, must be held to have accepted the consequences.

Mr. Ladd accelerated his automobile on the icy pavement to pass the Barnett automobile which was ahead of him. He sought to slow down from such increased speed, took his foot off the accelerator and this caused his automobile to skid. This is not disputed. But the initial skidding of his automobile did not cause the collision. If Mr. Ladd had his automobile under control and stopped the same on the north side of the highway, as his wife says, and then shifted gears and swung the automobile around and across the path which defendants under ordinary circumstances had a right to travel upon, and this caused the collision, then he was guilty of contributory negligence. If Mr. Ladd had his automobile so far under control on the north side of the highway the last time he skidded onto the north side thereof so that he could control its course, and thereafter carelessly drove in front of defendants' automobile and across its line of traffic, and this contributed to the collision, then he was guilty of contributory negligence.

The testimony, which is undisputed, shows Mr. Ladd drove his automobile on the icy pavement at a higher rate of speed than other automobiles going in the same direction at the same time were being driven. He turned out, increased his speed and

passed Mr. Barnett's automobile which was being driven ahead of him. Ordinarily, he could do this with perfect safety. But he must be held to have had full knowledge of the dangerous condition of the pavement due to the sleet and ice and this made it incumbent upon him to exercise a degree of care commensurate with the obvious danger.

Passing all of Mr. Ladd's operation of his automobile when it was slithering back and forth across the highway after it originally skidded, we come to the time of the unfortunate collision. Immediately prior thereto, his wife says he practically stopped his automobile and shifted gears and thereafter he immediately turned the automobile in the opposite direction and directly across the lane of travel of the defendants' automobile. It is obvious that he turned his automobile around and headed it in the opposite direction from which it had been headed. This was but an instant before the collision. When he saw, or ought to have seen, the lights of the oncoming automobile of defendants on its own proper side of the highway and in its usual and ordinary lane of travel, he should have remained stopped; at least, he should have refrained from turning his automobile across the lane of traffic of defendants' automobile and immediately in front of it, thus making the collision inevitable.

Viewing the testimony in its light most favorable to plaintiff, it is apparent the collision would not have occurred but for Mr. Ladd's contributory negligence. And his contributory negligence is imputable to plaintiff, and bars her right of recovery.

Judgment reversed, with costs, without new trial.

Nelson Sharpe, Fead, and Edward M. Sharpe, JJ., concurred with Potter, C. J. North, J., concurred in the result.

Wiest, J. (*dissenting*). If plaintiff's driver, by reason of negligence, had his automobile in a place

of peril from oncoming traffic, and defendant was aware thereof upon his approach, or should have discovered the peril in time, and by the exercise of reasonable care, to have prevented the collision, and negligently failed to do so, then defendant's negligence was the proximate cause of the injuries sustained by plaintiff.

The evidence presented such an issue of subsequent negligence of defendant, for consideration by the jury, and the verdict and judgment should be affirmed, with costs to plaintiff.

BUTZEL and BUSHNELL, JJ., concurred with WIEST. J.

### ON REHEARING.

POTTER, C. J. Rehearing was granted herein. Plaintiff's contention is the court was in error in saying: "Plaintiff would not have been injured had not the driver of the Ladd automobile shifted gears and accelerated his engine speed, the automobile gaining momentum from the rear wheels being on the gravel, and whipping his car around so as to head it in the opposite direction." *Hale v. Cooper, ante,* 350.

Plaintiff, in her original brief, says: "The Ladd car skidded back and forth across the pavement three times and was almost stopped when Mr. Ladd, after shifting gears, tried to propel the car back again to the south side."

I see no reason for changing the conclusion arrived at when the case was here before.

NORTH, FEAD, and EDWARD M. SHARPE, JJ., concurred with POTTER, C. J.

WIEST, J. (*dissenting*). Plaintiff's evidence tended to show that, while the automobile in which she was riding was skidding on the icy roadbed, and out of control of the driver, defendant approached, with a view of 300 to 400 feet of the situation, and without slackening speed, came into collision.

Whether the driver of plaintiff's car was guilty of negligence in losing control of his car was not decisive of the question of the subsequent negligence of defendant, and that issue was properly left to the jury.

Subsequent negligence is negligence subsequent to another's negligence and arises when opportunity exists, by

the exercise of ordinary care, to avoid injury, and such care is not exercised.

The rehearing has not changed my view that the judgment should be affirmed.

BUTZEL and BUSHNELL, JJ., concurred with WIEST, J.
The late Justice NELSON SHARPE took no part in the decision of this case on rehearing.