## YOUNG v FLOOD

Docket No. 107700. Submitted December 12, 1989, at Detroit. Decided March 6, 1990. Leave to appeal applied for.

Kimberly M. Flood was driving a car owned by her father, Kenneth L. Flood, on December 28, 1983. She knew that the roads were slippery and snow-covered and was traveling about thirty miles per hour when she hit an icy patch and lost control of her car. John K. Young was driving in the opposite direction at approximately twenty-five miles per hour when he saw Flood's car cross the center line. Young braked and veered to the right, unsuccessfully attempting to avoid an accident. Young brought an action for his damages against the Floods in the Macomb Circuit Court. The jury found that the defendants were not negligent and the trial court, Raymond R. Cashen, J., entered a judgment of no cause of action. Plaintiff appealed alleging, in part, that the trial court erred in instructing the jury on the use of the sudden emergency doctrine to excuse Kimberly Flood's violating the statutes requiring her to drive on the right side of the road.

The Court of Appeals *held*:

1. The jury was properly instructed on the use of the sudden emergency doctrine. While it is not unusual for Michigan roads to be icy in the winter, this does not mean that icy patches cannot be unsuspected.

2. There is no evidence that the speed at which defendant was driving was unreasonable for the conditions. An instruction on sudden emergency is to be given whenever there is evidence which would allow a jury to conclude that an emergency existed within the meaning of that doctrine. Here there was sufficient evidence of a sudden emergency recognized by Michigan courts as an excuse for violating the statutes requiring driving on the right side of the road.

Affirmed.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 420, 421, 842.
Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.

1. AUTOMOBILES — NEGLIGENCE — SUDDEN EMERGENCY.

The mere fact that an automobile is on the wrong side of the highway at the time of a collision does not of itself make the driver thereof guilty of negligence as a matter of law, as the driver may be excused from compliance with the statutes requiring him to keep to the right side of the highway where he is driving at a prudent speed for icy conditions and suddenly hits a patch of ice causing the automobile to skid across the center line (MCL 257.634, 257.635; MSA 9.2334, 9.2335).

2. NEGLIGENCE — SUDDEN EMERGENCY — AUTOMOBILES.

An instruction of sudden emergency is to be given whenever there is evidence which would allow a jury to conclude that an emergency existed within the meaning of that doctrine; the instruction is appropriate in an action where negligent operation of an automobile is alleged where the accused was confronted with a situation that was unusual, meaning varying from the everyday traffic routine confronting a motorist, or unsuspected, meaning appearing so suddenly that the normal expectations of due and ordinary care are modified.

3. APPEAL — PRESERVING QUESTION.

An issue is not preserved for appellate review where there was no objection at trial, request for a curative instruction, or motion for mistrial.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Dennis J. Mendis*), for plaintiff.

*Bailey & Rossi, P.C.* (by *Gary A. Rossi*), for defendants.

Before: GRIFFIN, P.J., and GILLIS and SAWYER, JJ.

PER CURIAM. Plaintiff appeals from a judgment of no cause of action entered upon a jury verdict finding that defendants were not negligent. We affirm.

Plaintiff's action arises from a December 28, 1983, automobile accident in which the vehicle driven by defendant Kimberly Flood, and owned by her father, defendant Kenneth Flood, skidded

on ice, crossed the center line, and collided with plaintiff's pickup truck. Kimberly testified that she was returning home from work, recognized that the roads were slippery and snow-covered, and was traveling about thirty miles per hour when she hit an icy patch and lost control of the car. She does not remember the details of the accident after that point. Plaintiff also testified that it was snowing and that the road surface was icy and that he was driving at approximately twenty-five miles per hour when he saw defendant's car cross the center line. Plaintiff then braked and veered to the right, unsuccessfully attempting to avoid the accident.

Plaintiff argues that the trial court erred in instructing the jury on the use of the sudden emergency doctrine as an excuse for defendant's violating the state statutes requiring her to drive on the right side of the road. The trial court instructed the jury on the relevant portions of MCL 257.634; MSA 9.2334 and MCL 257.635; MSA 9.2335 which, in essence, require a driver to drive upon the right half of the roadway. The court then instructed the jury that if they determined that the statutes were violated they could infer negligence, giving an instruction which substantially conforms to the current version of SJI2d 12.01. The court then instructed the jury on an excused violation of a statute with an instruction substantially similar to the current version of SJI2d 12.02, specifically:

> However, if you find that the defendant used ordinary care and was still unable to avoid the violation because of the unsuspected conditions, whatever the case may be, then her violation is excused.
> If you find that the defendant violated this statute and that the violation was not excused,

then you must decide whether such violation was
a proximate cause of the occurrence.

Plaintiff argues that the trial court erred in giving
this instruction. We disagree.

In *Zeni v Anderson,* 397 Mich 117, 122; 243
NW2d 270 (1976), the Supreme Court held that
violation of a statute by a defendant creates a
prima facie case from which a jury may draw an
inference of negligence. The jury may also con-
sider whether a legally sufficient excuse has been
presented to refute this inference. *Id.* The *Zeni*
Court noted that there was a line of cases devel-
oped over sixty-five years which consistently fol-
lowed a rebuttable-presumption approach to viola-
tions of the statute requiring vehicles to keep to
the right side of the road. *Id.* at 130-131. The
Court concluded at 131:

> This is still the approach under the successor
> statute, MCLA 257.634; MSA 9.2334, with the only
> question being not whether an excuse would be
> acceptable, but what an acceptable excuse would
> be.

At issue in this case is whether defendant had
an acceptable excuse and if there was evidence for
that excuse.

Skidding on a snowy road was found to be a
sufficient excuse for violation of this statute in
*Martiniano v Booth,* 359 Mich 680; 103 NW2d 502
(1960). The defendant driver in *Martiniano* was
steering back onto the highway after his car had
slipped off the pavement into a rut, when his car
skidded on the slippery pavement, crossed the
center line and collided with the plaintiff's car.
The Supreme Court stated that skidding across the
highway through no fault of the driver as a result
of striking a patch of ice had been previously held

to excuse violation of the statute. *Id.* at 687, citing, inter alia, *Leonard v Hey,* 269 Mich 491; 257 NW 733 (1934), and *Cosgrove v Thomas,* 257 Mich 376; 241 NW 168 (1932). The defendant in *Martiniano* had known the road was slippery, but there was no showing that his speed was unreasonable or that he was on the wrong side of the road intentionally. Thus the question of his negligence in sliding into the rut was properly submitted to the jury. *Martiniano, supra* at 686-687.

Here the excuse of skidding unintentionally on ice was presented to the jury in the sudden emergency jury instruction. In *Vander Laan v Miedema,* 385 Mich 226, 232-233; 188 NW2d 564 (1971), the Supreme Court held that the sudden emergency jury instruction is appropriate where a party is confronted with a situation that is "unusual," meaning varying from the everyday traffic routine confronting a motorist, or "unsuspected," meaning appearing so suddenly that the normal expectations of due and ordinary care are modified. See also *Amick v Baller,* 102 Mich App 339, 341-342; 301 NW2d 530 (1980). Plaintiff argues here that, judged by the *Vander Laan* sudden emergency analysis, defendant's skidding on ice was not an acceptable excuse because it is not unusual for Michigan roads to be icy in the winter, nor is a patch of ice unsuspected.

The cases that plaintiff cites in support of his position that icy roads cannot excuse crossing the center line can be distinguished from the line of cases holding that excuse justified. The cases that have held slipping on ice not to be an excuse all dealt with Michigan's "assured clear distance" statute, MCL 257.627; MSA 9.2327; *Moore v Spangler,* 401 Mich 360; 258 NW2d 34 (1977); *Morrison v Demogala,* 336 Mich 298; 57 NW2d 893 (1953); *Jackson v Coeling,* 133 Mich App 394; 349 NW2d

517 (1984); *Hughes v Polk,* 40 Mich App 634; 199 NW2d 224 (1972). In *Jackson,* this Court held that icy conditions could not be an excuse for a violation of the "assured clear distance" statute which instructs a driver to take such conditions into account. *Id.* at 399-400. The statutes regarding keeping to the right do not have such a provision. The Courts in *Moore, Morrison,* and *Hughes* held that failure to stop in the assured clear distance was not excused by hitting an icy spot because the drivers had reasons to suspect icy spots and adjust their speed to be able to stop.

The factually different situations the statutes address further distinguish these cases. In *Hughes, supra,* this Court noted that the defendant could have seen the car he eventually hit when it was stopped at an intersection three hundred feet away from him. *Id.* at 642. While the defendant in *Hughes* could not use as an excuse the patch of ice that prevented him from stopping when he had three hundred feet to prepare to stop, a driver who is driving at a prudent speed for icy conditions and suddenly hits a patch of ice causing the car to skid across the center line may be excused. As Judge O'HARA stated in his dissent in *Hughes,* a driver may suddenly hit a patch of ice different in kind from the snow-covered, slippery conditions he had been encountering. *Id.* at 645. The line of cases holding that skidding on ice is an excuse for crossing the center line, while not specifically stating it thus, must have recognized that such a skid can be unexpected, even in winter.

In sum, while we would agree that it is not unusual for Michigan roads to be icy in the winter, this does not mean that icy patches cannot be unsuspected. Michigan roads are not ice-covered and dangerously slippery all winter long. If we were to accept plaintiff's argument, we would have

to hold that Michigan drivers must drive at all times from November through April as if the roads were constantly covered with glare ice. Such a requirement would be unreasonable.

Just as in *Martiniano, supra,* defendant here testified that the roads were slippery. There is no evidence that the speed at which defendant was driving was unreasonable for the conditions.[1] The unexpected, sudden emergency, as defendant testified, was hitting ice that caused her to lose control of the car. An instruction on sudden emergency is to be given whenever there is evidence which would allow a jury to conclude that an emergency existed within the meaning of that doctrine. *Dennis v Jakeway,* 53 Mich App 68, 74; 218 NW2d 389 (1974). Here the evidence that defendant, while recognizing that the highway was icy, hit a patch of ice that caused a skid was sufficient evidence of a sudden emergency that has been recognized by Michigan courts as an excuse for violation of the statutes requiring drivers to keep to the right. Thus the sudden emergency instruction was justified.

As for plaintiff's argument that he is entitled to a new trial because the trial court improperly informed the jury of plaintiff's claim for insurance benefits, we note that there was no objection at trial, request for curative instruction, or motion for mistrial. Accordingly, the issue has not been preserved for appellate review. *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 100-101; 330 NW2d 638 (1982). As for plaintiff's argument that the trial court improperly precluded testimony from his treating physician, this issue is moot since the jury determined that defendants were

---

[1] Indeed, the fact that plaintiff was driving nearly as fast as defendant indicates that plaintiff also was not expecting the icy conditions encountered by defendant.

not negligent and we have left that determination undisturbed. Accordingly, it is unnecessary to consider any claims of error related to damages.

Affirmed. Defendants may tax costs.