VSETULA v WHITMYER

Docket No. 115765. Submitted July 19, 1990, at Lansing. Decided January 15, 1991; approved for publication February 22, 1991, at 9:15 A.M.

Linda S. Vsetula brought a negligence action in the Ingham Circuit Court against Max and Maro L. Whitmyer, alleging injury when the automobile owned by Max Whitmyer and driven by Maro Whitmyer struck the side of her vehicle. The trial court, Thomas L. Brown, J., granted directed verdicts for defendants with respect to the plaintiff's claims for wage loss and shoulder pain, and took the remaining motions under advisement. The court refused the defendants' request for an instruction regarding the sudden-emergency doctrine. Thereafter, the jury returned a verdict for the defendants, finding no negligence. The court set aside the jury's verdict, granted a directed verdict for the plaintiff on the issue of negligence, and ordered the jury to continue deliberations. After further deliberation, the jury found that the defendants' negligence was a proximate cause of plaintiff's injuries, that the injuries constituted a serious impairment of a bodily function, and that the plaintiff was not negligent, and awarded plaintiff damages of $100,000. The defendants appealed.

The Court of Appeals *held:*

The sudden-emergency doctrine is applicable where a person is placed in danger as the result of an unusual or unexpected event. In this case, the jury properly could have found that the entry of the defendants' vehicle upon the roadway was the result of an icy patch that, even in the exercise of ordinary care, could not have been expected. The jury's original verdict for the defendants was proper and should not have been set aside.

1. It was error for the trial court to set aside the jury's verdict for defendants and to direct a verdict for plaintiff on the issue of negligence. The violation of the statute requiring a

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 820, 1101, 1117.
Instructions on sudden emergency in motor vehicle cases. 80 ALR2d 5.

vehicle entering a roadway from a driveway to come to a full stop and to yield the right of way to approaching vehicles was excused by the operation of the sudden-emergency doctrine.

2. The trial court erred in denying the defendants' request for an instruction regarding the sudden-emergency doctrine. There was sufficient evidence to allow the jury to conclude that a sudden emergency existed.

3. The trial court should have granted the defendants' motion for a directed verdict with respect to the question whether the blood in plaintiff's urine was proximately caused by the accident. While proximate cause is usually a jury question, where, as in this case, there is more than one possible cause of an injury and it would be impossible for the jury to determine that the negligence of a particular person was a substantial factor in producing the injury, the court should take the question from the jury and rule as a matter of law that proximate causation has not been established.

Reversed.

JURY — INSTRUCTIONS — NEGLIGENCE — SUDDEN-EMERGENCY DOCTRINE — AUTOMOBILES.

An instruction regarding the sudden-emergency doctrine is appropriate where there is sufficient evidence from which a jury could find that the driver of a vehicle involved in an accident was placed in danger as a result of an unusual or unexpected event such as an icy condition which prevented stopping before entry upon a public roadway, thus excusing failure to comply with the statutory requirement that a vehicle come to a full stop before entering a public roadway from a private driveway (MCL 257.652; MSA 9.2352).

*Clark Shanahan,* for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *Scott A. Storey* and *Lynn K. Richardson*), for the defendants.

Before: MARILYN KELLY, P.J., and HOOD and DOCTOROFF, JJ.

PER CURIAM. In this tort action, defendants appeal as of right from an order entering judgment in favor of plaintiff. Defendants contend that the trial court erred in granting plaintiff's motion for

a directed verdict on the issue of negligence, in failing to instruct the jury on the sudden-emergency doctrine, in denying defendants' motion for a directed verdict, and in allowing the testimony of plaintiff's expert. Defendants also contend that the verdict in favor of plaintiff was against the great weight of the evidence. We agree that the trial court erred in granting plaintiff's motion for a directed verdict on the issue of negligence and reverse.

This case arose out of an automobile accident which occurred on December 5, 1985. Defendant Maro Lynn Whitmyer was the driver of one of the vehicles involved in the collision. Codefendant Max Whitmyer was the owner of that vehicle, but had no involvement in the collision. For simplicity, the term "defendant," when used in the singular in this opinion refers to Mrs. Whitmyer.

Defendant testified that she returned home from work between 1:00 and 1:30 P.M. on December 5, 1985. At that time, the roads were not slippery and there was no ice on her driveway. At approximately 3:50 P.M., defendant got in the car to go and get her daughter. Defendant's home is located in a wooded area approximately 150 feet from Lounsbury Road. Defendant admitted that, as she drove down her driveway, her vision was obstructed by snowflakes and a tree at the left of the driveway. Defendant estimated that she was traveling at approximately two to three miles per hour. As defendant approached the road, she applied her brakes in order to stop and check whether she had the right of way. The car hit a patch of ice and slid. At that point, defendant observed plaintiff's car traveling down the road in the northbound lane. The two cars collided. Defendant's car spun and came to rest across a ditch approximately six to seven feet to the right of the

driveway. Plaintiff's car spun in the road and also came to rest in a ditch. Plaintiff got out of her car and, when asked if she was okay, said that she was fine, but shaken.

Plaintiff testified that December 5, 1985, was a cold, snowy day and that it had been raining. Plaintiff, who was driving a brown 1983 Oldsmobile Cutlass Supreme with the headlights on, was proceeding north on Lounsbury Road in the right lane at approximately thirty-five miles per hour. The posted speed limit was forty-five miles per hour. Plaintiff observed a car starting down a driveway approximately 120 feet or yards ahead. She slowed and moved over into the southbound lane. Plaintiff did not apply her brakes because she was afraid her car would spin. However, plaintiff believed that defendant would see her in time and stop. Plaintiff sounded her horn, but defendant's car continued out onto the road. The left fender of defendant's car struck the fender on the front passenger side of plaintiff's car. Plaintiff's car spun, struck a tree, and came to rest in a ditch. Plaintiff testified that she was wearing a safety belt.

Plaintiff testified that, immediately following the collision, she felt "weak, nervous and upset" and was crying. Plaintiff telephoned her brother, who arrived shortly thereafter. Plaintiff's brother pulled part of the car's body from against the wheel and drove plaintiff's car to his home. Later that evening, plaintiff drove the car home.

At the close of proofs, both parties moved for directed verdicts on various grounds. The trial court granted defendant's motions for directed verdicts with respect to the issues of wage loss and shoulder pain and took the remaining motions under advisement. The jury rendered a verdict finding that defendant had not been negligent. The

trial court then set aside the jury's verdict and granted plaintiff's motion for a directed verdict on the issue of negligence. The jury was instructed to find defendants negligent and to continue deliberations. After deliberating for less than an hour, the jury found that defendant's negligence was the proximate cause of plaintiff's injuries, that the injuries constituted a serious impairment of bodily function, and that plaintiff was not negligent. The jury awarded plaintiff $100,000 damages.

Defendants contend that the trial court erred in granting plaintiff's motion for a directed verdict on the issue of negligence. Defendants argue that reasonable minds could differ on whether defendant exercised due care under the circumstances. In a related issue, defendants contend that the trial court erred in failing to instruct the jury on the sudden-emergency doctrine.

Directed verdicts, particularly in negligence cases, are viewed with disfavor. *Goldman v Phantom Freight, Inc,* 162 Mich App 472, 477; 413 NW2d 433 (1987). In determining whether to grant a motion for a directed verdict, the trial court must view the evidence in a light most favorable to the nonmoving party and determine whether a prima facie case has been established. *Clery v Sherwood,* 151 Mich App 55, 63-64; 390 NW2d 682 (1986). If the evidence presents material issues of fact upon which reasonable minds can differ, those issues are to be decided by the jury, thereby precluding a directed verdict. *Id.; Dixon v W W Grainger, Inc,* 168 Mich App 107, 110; 423 NW2d 580 (1987). In deciding a motion for a directed verdict, a trial court must examine the testimony and all legitimate inferences that may be drawn from that testimony in a light most favorable to the nonmoving party. *Id.* When the evidence is such that reasonable jurors could disagree, neither

the trial court nor this Court may substitute its judgment for that of the jury. *Means v Jowa Security Services,* 176 Mich App 466, 471; 440 NW2d 23 (1989).

In moving for a directed verdict on the issue of negligence, plaintiff argued that defendant violated MCL 257.652; MSA 9.2352, which provides that a driver of a vehicle about to enter a highway from a driveway is required to come to a full stop before entering the highway and to yield the right of way to approaching vehicles. According to plaintiff, defendant was negligent as a matter of law, and there was no credible explanation that would excuse defendant's failure to observe plaintiff and to yield. Defendants argued that the evidence raised an issue of fact regarding the issue of negligence and that the weather conditions created an unusual condition sufficient to excuse defendants from liability. Defendants' theory was that the collision was caused by the weather conditions and not by the negligence of either party. Defendants argued that the violation of MCL 257.652; MSA 9.2352 was excused by the unexpected, sudden emergency encountered when defendant hit the patch of ice which caused her to lose control of the car. Defendants also requested a jury instruction on the sudden-emergency doctrine. The trial court denied the request. The trial court apparently believed that the violation of MCL 257.652; MSA 9.2352 was negligence per se and that the sudden-emergency doctrine did not excuse defendant's negligence. Thus, the trial court subsequently directed a verdict for plaintiff.

The sudden-emergency doctrine is a judicially created principle which was defined by our Supreme Court in *Socony Vacuum Oil Co v Marvin,* 313 Mich 528, 546; 21 NW2d 841 (1946):

One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [Quoting *Huddy on Automobiles* (8th ed), p 359.]

See also *Vander Laan v Miedema,* 385 Mich 226, 231-232; 188 NW2d 564 (1971).

In *Amick v Baller,* 102 Mich App 339, 341-342; 301 NW2d 530 (1980), this Court stated:

[T]he factual pattern is "unusual" if the facts present in the case vary from the everyday traffic routine confronting a motorist. Thus, a blizzard or other extreme weather condition may cause such an unusual driving environment that the normal expectations of due and ordinary care are modified by the attenuating factual conditions. "Unsuspected" facts are those which may appear in the everyday movement of traffic, but which take place so suddenly that the normal expectations of due and ordinary care are again modified by the attenuating factual conditions.

Icy patches on Michigan roads in winter can be unsuspected. *Young v Flood,* 182 Mich App 538, 543; 452 NW2d 869 (1990). The sudden-emergency instruction should be given whenever there is evidence which would allow the jury to conclude that an emergency existed within the meaning of the sudden-emergency doctrine. *Id.,* p 544.

The trial court in the instant case erred in denying defendants' request for a jury instruction on the sudden-emergency doctrine. There was sufficient evidence of a sudden emergency to allow the jury to conclude that a sudden emergency existed

which would, therefore, excuse defendant's violation of MCL 257.652; MSA 9.2352. The trial court also erred in directing a verdict for plaintiff on the issue of negligence. The evidence was such that reasonable jurors could disagree. By rejecting defendants' sudden-emergency theory and viewing the violation of MCL 257.652; MSA 9.2352 as negligence per se, the trial court incorrectly substituted its judgment for that of the jury.

Defendants also contend that the trial court erred in denying their motion for a directed verdict with regard to plaintiff's failure to prove a causal relationship between blood in her urine and the accident. We agree.

In a negligence case, proximate cause is usually a factual issue to be decided by the trier of fact. *Derbeck v Ward,* 178 Mich App 38, 44; 443 NW2d 812 (1989). However, if reasonable minds could not differ regarding the proximate cause of the plaintiff's injury, the court should rule as a matter of law. *Id.* Where there is more than one possible cause of an injury, one actor's negligence will not be considered a proximate cause of the harm unless it was a substantial factor in producing the injury. *Id.; Brisboy v Fibreboard Corp,* 429 Mich 540, 547; 418 NW2d 650 (1988). Considering the evidence in a light most favorable to plaintiff, reasonable minds could not conclude that the accident was a substantial factor causing plaintiff to present blood in her urine. The trial court erred in denying defendants' motion for a directed verdict on this issue.

Resolution of the foregoing being dispositive, it is not necessary for this Court to decide defendants' remaining issues.

Reversed. The jury's verdict in favor of defendants is reinstated.