*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARTIN COUSINEAU,

      Plaintiff-Appellant,

v

JANET COUSINEAU, BETTY
KNICKERBOCKER, and PROGRESSIVE
MICHIGAN INSURANCE COMPANY,

      Defendants-Appellees.

UNPUBLISHED
May 26, 2022

No. 356952
Genesee Circuit Court
LC No. 19-113253-NI

---

Before: LETICA, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

In this automobile negligence action, plaintiff appeals as of right following the trial court's entry of a stipulated order of dismissal of plaintiff's claim for first-party benefits against defendant Progressive Michigan Insurance Company (Progressive). Plaintiff challenges the trial court's earlier grant of summary disposition in favor of his wife, defendant Janet Cousineau, which resulted in the dismissal of plaintiff's claims against her and her mother, defendant Betty Knickerbocker, as well as, plaintiff's claim for underinsured motorist benefits against Progressive. We affirm.

## I. FACTUAL BACKGROUND

On a sunny morning in January 2018, plaintiff rode as a passenger, while Janet drove her mother's car. While exiting the northbound I-475 ramp onto southbound I-75 in Genesee County, Janet lost control of the car and struck a guardrail injuring plaintiff. At his deposition, plaintiff testified that Janet was driving 40 to 45 miles per hour when she "hit some black ice" and lost control of the car. Janet asserted by affidavit that, on the day of the accident, she "unexpectedly encountered black ice on the roadway, which caused the accident."

Plaintiff's complaint asserted four claims: (1) negligence against Janet, (2) negligence and owner's-liability against Knickerbocker, (3) an underinsured motorist claim against Progressive, and (4) a first-party benefits claim against Progressive. Janet moved for summary disposition of

the negligence claim against her on the ground that the sudden-emergency doctrine excused her negligence, if any, because unexpected black ice caused the accident.

The trial court granted Janet's motion, and dismissed plaintiff's claims against her and Knickerbocker, and plaintiff's underinsured motorist benefits claim against Progressive. The trial court later entered a stipulated order dismissing plaintiff's claim for first-party benefits against Progressive. Plaintiff appeals the trial court's grant of Janet's motion for summary disposition.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of the plaintiff's claim and should be granted, as a matter of law, if no genuine issue of any material fact exists to warrant a trial." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 596-597; 865 NW2d 915 (2014). "When evaluating a motion for summary disposition under MCR 2.116(C)(10), 'a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.' " *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016), quoting *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

"[C]ourts may not resolve factual disputes or determine credibility in ruling on a summary disposition motion." *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007) (*White I*) (quotation marks and citation omitted). "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). "Admissions are statements made by or on behalf of a party to the suit in which they are offered which contradict some position assumed by that party in that suit." *Elliotte v Lavier*, 299 Mich 353, 357; 300 NW 116 (1941). "They are substantive evidence for the adverse party, but never for the party by whom or on whose behalf they are supposed to have been made." *Id.*

## III. ANALYSIS

Plaintiff argues that the trial court erred by ruling that Janet encountered a sudden emergency that excused her negligence because a genuine issue of material fact existed whether Janet encountered black ice or her actions were reasonable. We disagree.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "In a negligence case, the standard of conduct is reasonable or due care[,]" i.e., the manner in which a reasonable person would act in similar circumstances. *Moning v Alfono*, 400 Mich 425, 443; 254 NW2d 759 (1977).

"In the absence of statutory requirements, it is the motorist's duty in the use and operation of his automobile to exercise ordinary and reasonable care and caution, that is, that degree of care and caution which an ordinarily careful and prudent person would exercise under the same or similar circumstances." *Zarzecki v Hatch*, 347 Mich 138, 141; 79 NW2d 605 (1956) (citation omitted). A driver "must make reasonable allowance for traffic conditions, for fog, snow, or other adverse weather conditions, and for curves and road conditions." *DePriest v Kooiman*, 379 Mich 44, 46; 149 NW2d 449 (1967). But a driver is not obliged "to guard against every conceivable result, to take extravagant precautions, to exercise undue care . . . ." *Hale v Cooper*, 271 Mich 348, 354; 261 NW 54 (1935). "One is not negligent merely because he fails to make provision against an accident which he could not reasonably be expected to foresee." *Id*.

"[T]he jury usually decides the *specific* standard of care that should have been exercised by a defendant in a given case," but "*the court* sometimes decides the specific standard of care if it is of the opinion 'that all reasonable persons would agree or there is an overriding legislatively or judicially declared public policy . . . .' " *Case v Consumers Power Co*, 463 Mich 1, 7; 615 NW2d 17 (2000), quoting *Moning*, 400 Mich at 438. "[W]hen the moving party can show either that an essential element of the nonmoving party's case is missing, or that the nonmoving party's evidence is insufficient to establish an element of its claim, summary disposition is properly granted[.]" *Latham v Nat'l Car Rental Sys, Inc*, 239 Mich App 330, 340; 608 NW2d 66 (2000).

"In a negligence action, a plaintiff must establish both factual causation, i.e., the defendant's conduct in fact caused harm to the plaintiff, and legal causation, i.e., the harm caused to the plaintiff was the general kind of harm the defendant negligently risked." *Ray v Swager*, 501 Mich 52, 64; 903 NW2d 366 (2017) (quotation marks and citation omitted). Proximate cause "involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. at 63.

When an accident occurs as a result of a sudden emergency that the defendant did not create, the sudden-emergency doctrine will apply. *White v Taylor Distrib Co, Inc*, 482 Mich 136, 140; 753 NW2d 591 (2008) (*White II*). Our Supreme Court explained the sudden-emergency doctrine as follows:

> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [*Socony Vacuum Oil Co v Marvin*, 313 Mich 528, 546; 21 NW2d 841 (1946) (quotation marks and citation omitted.]

This principle applies "when the person chooses one reasonable, non-negligent course of action over another reasonable, non-negligent course of action that would have resulted in a more favorable outcome when viewed in hindsight." *White I*, 275 Mich App at 623. The sudden-emergency doctrine does "not apply if the peril was caused by negligence on the part of plaintiff's driver or if his negligence contributed to such result." *Socony Vacuum Oil Co*, 313 Mich at 546.

"The doctrine of sudden emergency is a logical extension of the reasonably prudent person rule . . . ." *Szymborski v Slatina*, 386 Mich 339, 341; 192 NW2d 213 (1971) (quotation marks and citation omitted). Thus, "the test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were." *Id.* (quotation marks and citation omitted); see also 1 Restatement Torts, 3d, § 9 (2010) (explaining that if a person "is confronted with an unexpected emergency requiring rapid response, this is a circumstance to be taken into account in determining whether the actor's resulting conduct is that of the reasonably careful person"). The sudden-emergency doctrine may be invoked to rebut a statutory presumption of negligence, *White II*, 482 Mich at 139, and may also be considered in cases where there is no such presumption, *Murner v Thorpe*, 284 Mich 331, 335; 279 NW 849 (1938) (rejecting the defendant's invocation of the doctrine to excuse his driving at high speeds without headlights because the emergency was of the defendant's own making).

"To come within the purview of the sudden-emergency doctrine, the circumstances surrounding the accident must present a situation that is unusual or unsuspected." *White I*, 275 Mich App at 622. "The term 'unusual' is employed here in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist," and that kind of "event is typically associated with a phenomenon of nature." *Vander Laan v Miedema*, 385 Mich 226, 232; 188 NW2d 564 (1971). " 'Unsuspected' on the other hand connotes a potential peril within the everyday movement of traffic," and "[t]o come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clearview for any significant length of time, and was totally unexpected." *Id.*

In this case, plaintiff testified that Janet drove on the morning of the accident, "a beautiful sunny winter morning, about 30 degrees," with "a few piles of snow" that "had been pushed or drifted," but "there was no snow on the roads." Plaintiff described the accident as follows: "[Janet] was driving and hit some black ice and fought for control for quite a period of time, and then lost control and went head-on into a guardrail." Plaintiff estimated that Janet drove 40 to 45 miles per hour at the time. Plaintiff admitted that black ice existed and confirmed that he did not encourage Janet to slow down before the accident. When asked if the encounter of the black ice was unexpected, he replied, "Completely, yes."

According to Janet's affidavit testimony, the black ice was "not in clear view" for her "for any significant length of time" before she drove over it. She attested that, before she encountered the black ice that caused the accident, she "had not encountered any black ice or icy road conditions" that affected her ability to operate Knickerbocker's car. Janet stated that she operated the car "at a reasonable speed under the conditions that existed at the time of the accident," that plaintiff did not ask her to reduce her speed or otherwise alter her driving before the accident, and that the sole cause of the accident was a sudden and unexpected encounter with black ice.

Plaintiff argues that the sudden-emergency doctrine did not apply because encountering icy conditions while driving during a Michigan winter is neither unusual nor reasonably unsuspected. This Court, however, has held that, although "it is not unusual for Michigan roads to be icy in the winter, this does not mean that icy patches cannot be unsuspected." *Young v Flood*,

182 Mich App 538, 543; 452 NW2d 869 (1990).[1] Indeed, "Michigan roads are not ice-covered and dangerously slippery all winter long." *Id*.; see also *Vsetula v Whitmyer*, 187 Mich App 675, 681; 468 NW2d 53 (1991) (citation omitted) ("Icy patches on Michigan roads in winter can be unsuspected.").[2]

Both plaintiff's deposition and Janet's affidavit testimonies establish that no material factual dispute exists regarding whether Janet encountered unsuspected black ice. The record reflects no evidence indicating otherwise.[3] Because plaintiff failed to establish the existence of a

---

[1] Cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), but they may be considered as persuasive authority. *Aroma Wines & Equip, Inc v Columbian Distribution Servs*, *Inc*, 303 Mich App 441, 453 n 4; 844 NW2d 727 (2013). Such opinions, nevertheless, are "entitled to significantly greater deference than are unpublished cases." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

[2] In *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 482-483; 760 NW2d 287 (2008), a slip and fall case, this Court considered a similar argument that, because of Michigan's winter weather, "black ice" should be deemed open and obvious. This Court explained:

Perhaps the best way to ascertain whether black ice is open and obvious is to examine the characteristics of black ice. Webster's New World College Dictionary (4th ed.), p. 151, describes black ice as "a thin, nearly invisible layer of ice on a paved road." Merriam-Webster's Collegiate Dictionary (11th ed.), p. 129, defines black ice as "a nearly transparent film of ice on a dark surface (as a paved road or a body of water) that is difficult to see." The American Heritage Dictionary of the English Language (4th ed.), p. 191, defines black ice as "[a] thin, nearly invisible coating of ice that forms on paved surfaces." The New Oxford American Dictionary (2nd ed.), p. 172, describes it as "a transparent coating of ice, found esp. on a road or other paved surface." The American Century Dictionary (2005), p. 60, defines it as a "thin layer of invisible ice on a road, etc."

The overriding principle behind the many definitions of black ice is that it is either invisible or nearly invisible, transparent, or nearly transparent.

[3] This case significantly differs from *Price v Austin*, ___ Mich ___; ___ NW2d ___ (2022), in which our Supreme Court held that this Court erred by affirming the trial court's grant of the defendants' motion for summary disposition based on the defendant-driver's testimony that he experienced a sudden medical emergency, because "[a]lthough some evidence supported the defendant-driver's testimony, only he could know what happened inside his truck that day or whether he had any reason to suspect that an imminent syncopal episode might warrant certain conduct." Our Supreme Court explained that "[b]ecause the defendant-driver's credibility was crucial to the success of his sudden-emergency defense, summary disposition should not have been granted."

In this case, by contrast, plaintiff himself admitted in his deposition testimony that Janet encountered a completely unexpected patch of black ice that caused her to lose control of the vehicle. This case does not feature a defendant-driver's independent claim of having encountered a sudden emergency. Plaintiff's testimony corroborated her affidavit.

genuine issue of material fact concerning whether Janet unexpectedly encountered black ice, the trial court properly concluded that the sudden-emergency doctrine applied.

Plaintiff contends that the trial court erred by disregarding multiple genuine issues of material fact. First, plaintiff asserts that a question of fact existed regarding whether Janet encountered black ice. Plaintiff argues that Janet's affidavit, which asserted that she encountered black ice, should have been disregarded because she filed the self-serving affidavit after the close of discovery and did not establish how she determined that black ice existed. Plaintiff also contends that Janet's affidavit should be discounted entirely as legally insufficient.

Plaintiff takes umbrage with the filing of Janet's affidavit after the close of discovery, but the record indicates that plaintiff had an opportunity to question Janet during her deposition regarding the circumstances of the accident but declined to do so. Moreover, plaintiff's characterization of Janet's affidavit as self-serving is not persuasive, because Janet's statement regarding black ice comported with plaintiff's unequivocal testimony that Janet unexpectedly encountered black ice before her collision with the guardrail.

Plaintiff contends that Janet's affidavit lacked legal sufficiency because she did not indicate how she determined the presence of black ice on the road at the time of the accident. But plaintiff does not explain how this purported defect rendered Janet's affidavit legally insufficient. Michigan courts "are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). "If a party fails to adequately brief a position, or support a claim with authority, it is abandoned." *MOSES, Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006). Thus, plaintiff has abandoned this assertion by failing to adequately brief it. Regardless, plaintiff's contention lacks merit.

A motion for summary disposition under MCR 2.116(C)(10) must be supported by substantively admissible evidence admissible in content, but "it does not have to be in admissible form." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). "Although the trial court may only consider substantively admissible evidence, a party does 'not have to lay the foundation for the admission' for evidence submitted in support of or in opposition to a motion for summary disposition under MCR 2.116(C)(10) 'as long as there [is] a plausible basis for the admission' of the evidence." *Airgas Specialty Prod v Mich Occupational Safety & Health Admin*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 351105) (alteration in original); slip op at 18, quoting *Barnard Mfg*, 285 Mich App at 373.

Janet could have testified regarding how she determined the presence of black ice, but plaintiff chose not to inquire regarding that fact during her deposition. Plaintiff deposed Janet approximately five months after plaintiff testified during his deposition that Janet unexpectedly encountered black ice. The trial court could reasonably conclude that a plausible basis existed for the admission of the substance of Janet's affidavit.

Plaintiff contends that his own deposition testimony regarding black ice also should be disregarded because he offered his mere belief or impression in that regard, and that his beliefs or impressions are not dispositive of factual matters. But plaintiff unequivocally admitted that black ice existed. Plaintiff's contention that a question of fact exists regarding the presence of black ice

is unavailing. Further, although plaintiff generally contends that a question of fact whether Janet encountered black ice before the collision remains, plaintiff failed to present any evidence to the contrary. A party opposing a motion for summary disposition "must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc*, 199 Mich App at 486. Plaintiff, therefore, has failed to establish that the trial court erred by ruling that Janet's unexpected contact with black ice created a sudden emergency.

Nonetheless, plaintiff argues further that, in the context of summary disposition, it was nearly impossible for him to submit documentary evidence to counter Janet's subjective claims regarding the presence of black ice. Plaintiff, however, testified unequivocally that Janet encountered black ice. Plaintiff cannot argue now that in fact no black ice existed.

Plaintiff also argues that, even if the trial court properly concluded that the unrebutted evidence showed that black ice existed, then the trial court still erred by granting summary disposition because a question of fact remained regarding whether Janet's own negligence contributed to the accident. Plaintiff contends that the trial court should not have disregarded the police crash report which stated "Speed too Fast" in the hazardous action section, because the report was substantively admissible. In essence, he asserts that the statement made by an officer who attended the scene after the accident established a question of fact regarding whether Janet drove at a reckless speed at the relevant time. "This Court has admitted lay opinion testimony from investigating police officers regarding fault in traffic accidents when the testimony was the result of direct observations and analysis of the accident scene." *Miller v Hensley*, 244 Mich App 528, 531; 624 NW2d 582 (2001). In the context of summary disposition, a party may rely on police reports to the extent that the reports contain a police officer's "personal observations," because the officer could testify "at trial to the substance of the material in the reports." *Latits v Phillips*, 298 Mich App 109, 113-114; 826 NW2d 190 (2012). However, during a civil trial, evidence of the issuance or nonissuance of a traffic citation is irrelevant, and thus inadmissible. *Brownell v Brown*, 114 Mich App 760, 767; 319 NW2d 664 (1982).

In this case, plaintiff was asked during his deposition if he knew who called the police to report the accident, and plaintiff replied that he did not, other than that it was "[s]omebody who stopped." The trial court stated that the only evidence in the record that contradicted plaintiff's testimony and Janet's affidavit regarding the cause of the accident was the crash report, but explained that the report was "inadmissible" because the police officer who authored it "wasn't a witness," and there was "no affidavit from anybody" stating that Janet was speeding at the time of the accident, and thus there was only "a mere allegation that she was."

Plaintiff argues that the crash report was substantively admissible because the police officer who authored the report could be called to testify regarding its substance. But the crash report identifies two police officers, one as the investigating officer, and another as having reviewed it, and the report itself does not indicate which officer entered the phrase "Speed too Fast" in the hazardous action section. Further, there is no indication that either officer personally observed the accident. Plaintiff's deposition testimony indicated that an unknown person called the police after the accident. No evidence in the record establishes that an officer was present when the accident occurred and made the report based on the police officer's personal observations. Accordingly, the crash report statement lacked admissibility. The trial court did not err in this regard.

Plaintiff also argues that a question of fact exists regarding whether a Michigan driver should be aware of freezing conditions in freezing weather which he claims challenges whether Janet's actions were those of a reasonable person under the wintery circumstances. We disagree.

As discussed above, icy patches on a Michigan roadway during the winter can be un-suspected. *Vsetula*, 187 Mich App at 681. At his deposition, plaintiff testified that Janet unexpectedly encountered black ice, that Janet drove between 40 to 45 miles per hour when she lost control of the car, and that he did not encourage her to slow down before the accident. His testimony indicates that he felt that Janet drove in a reasonable manner under the circumstances. Similarly, in her affidavit Janet attested that she unexpectedly encountered black ice while driving at a reasonable speed. Plaintiff offers no substantively admissible evidence that shows that Janet's speed was unreasonable, or that her actions otherwise proximately contributed to the accident. Moreover, plaintiff's own testimony established that Janet drove in a reasonably prudent manner before unexpectedly encountering the black ice and responded reasonably to the situation.

Plaintiff contends that the application of the sudden-emergency doctrine is necessarily a jury question not properly determined in the context of summary disposition. Plaintiff relies on *Young*, 182 Mich App 538, first contending that *Young* did not hold that the hazards of black ice are always manifest by way of a sudden emergency. *Young* concerned whether a jury instruction on the sudden-emergency doctrine was proper where the evidence showed that the defendant drove reasonably when she unexpectedly encountered a patch of ice, when the instruction would permit the jury to determine whether a sudden emergency excused the defendant's violation of a statute requiring her to drive on the right side of the road, and thus avoid an inference of negligence based on her violation of that statutory duty. *Young*, 182 Mich App at 540-542. This Court held the instruction proper because icy patches on the road can be unsuspected even in winter. *Id*. at 543. This Court further explained that to hold otherwise would require Michigan drivers to "drive at all times from November through April as if the roads were constantly covered with glare ice," and that "[s]uch a requirement would be unreasonable." *Id*. at 544.

Plaintiff is correct to the extent that he contends that the *Young* panel did not hold that black ice *always* created a sudden emergency, but instead held only that an unsuspected icy patch in winter *could* create a sudden emergency. In this case, plaintiff's testimony and Janet's affidavit testimony, both of which were uncontroverted in this particular, indicated that Janet unexpectedly encountered a patch of black ice before losing control of the car. Plaintiff's reliance on *Young* is misplaced because no genuine issue of material fact existed regarding whether Janet encountered unexpected black ice.

Plaintiff also contends that *Young*'s concern over the propriety of jury instructions thus indicated that the application of the sudden-emergency doctrine should be always determined by a jury. *Young*, however, did not address the sudden-emergency doctrine in the context of a motion for summary disposition. *Young*, therefore, is inapposite to this case.

Plaintiff also seeks to rely upon *Orzechowski v Orzechowski*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2018 (Docket No. 340085), to support his

contention that the application of the sudden-emergency doctrine is always a question for the jury.[4] *Orzechowski*, however, is inapposite, because, unlike in this case, substantively admissible evidence in that case established a genuine issue of material fact. Unpub op pp 4-5.

As discussed previously, application of the sudden-emergency doctrine requires two determinations: first, whether the driver encountered a sudden emergency, and, if so, then, second, whether the driver's actions caused the sudden emergency or otherwise contributed to the accident. *Socony Vacuum Oil Co*, 313 Mich at 546. That the doctrine requires that second determination shows that it does not relieve a driver from his or her own negligent acts that cause a sudden emergency or otherwise contribute to an ensuing accident. Instead, the purpose of the doctrine is to ensure that a driver is not held negligent for failing to prevent an accident that was not reasonably foreseeable. See *Hale*, 271 Mich at 354.

While a jury typically decides whether a defendant satisfied the pertinent standard of care, a court may do so "if it is of the opinion that all reasonable persons would agree . . . ." *Case*, 463 Mich at 7. If a plaintiff does not offer evidence showing that a defendant's actions were not reasonable in response to a sudden emergency, summary disposition in favor of the defendant is proper. See *Latham*, 239 Mich App at 340.

Here, plaintiff's testimony and Janet's affidavit testimony established that Janet encountered unsuspected black ice while driving at a reasonable speed, and that she lost control of the car because of the sudden emergency caused by the black ice. Plaintiff failed to submit substantively admissible evidence to the contrary. Accordingly, the trial court properly granted defendants summary disposition and dismissed this case.

Affirmed.

/s/ Anica Letica
/s/ James Robert Redford
/s/ Michelle M. Rick

---

[4] Under MCR 7.215(C)(1), unpublished opinions are "not precedentially binding under the rule of stare decisis." Nonetheless, an unpublished opinion may "be considered instructive or persuasive." *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).