# STATE OF MICHIGAN

# COURT OF APPEALS

---

JESSE CAMPBELL and CLAUDIA PINSON,

      Plaintiffs-Appellees,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, a/k/a
SMART, and KEESHIA LUKAIAI RILEY,

      Defendants-Appellants.

UNPUBLISHED
January 15, 2015

No.  317715
Wayne Circuit Court
LC No.  11-014086-NI

---

Before:  DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendants the Suburban Mobility Authority for Regional Transportation, a/k/a SMART, and Keeshia Lukaiai Riley appeal as of right from the trial court's order denying their motion for summary disposition and awarding plaintiffs costs.  We affirm in part and reverse in part.

First, plaintiffs assert that this Court lacks jurisdiction to review the issues defendants raise on appeal.  We disagree.

"The question of jurisdiction is always within the scope of this Court's review."  *Walsh v Taylor*, 263 Mich App 618, 622; 689 NW2d 506 (2004); see also MCR 7.216(A)(10).  "The jurisdiction of the Court of Appeals is provided by law, and its practice and procedure are prescribed by the court rules and our Supreme Court."  *Walsh*, 263 Mich App at 622, citing Const 1963, art VI, § 10; MCR 7.202(6); MCR 7.203.  "[A] 'final' judgment or order includes an appeal from an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee."  *Id.*, citing MCR 7.202(6)(a)(*v*).  "The question of appellate review under MCR 7.202(6)(a)(*v*) is a matter of procedure."  *Id*.

This Court has jurisdiction over an appeal of a final judgment or final order, as that term is defined in MCR 7.202(6).  MCR 7.203(A)(1).  A "final judgment" or "final order" includes "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee, under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity."  MCR 7.202(6)(a)(*v*).

First, plaintiffs argue that whether there is evidence of negligence is not an issue appealable as of right. This Court addressed this precise issue in *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 436; 824 NW2d 318 (2012):

> In [*Walsh*, 263 Mich App at 625], this Court interpreted the provisions [MCR 7.203(A) and MCR 7.202(6)(a)(*v*)] and opined that "regardless of the specific basis of the trial court's ruling on a motion for summary disposition, whenever the effect is to deny a defendant's claim of immunity, the trial court's decision is, in fact, 'an order denying governmental immunity,' " and is reviewable under MCR 7.203(A) and MCR 7.202(6)(a)(*v*). Here, the trial court determined that plaintiff established a question of fact regarding whether the sudden stopping of the bus was negligence or was within the normal incidents of travel. Pursuant to MCL 691.1405, SMART was liable only if plaintiff's injuries resulted from "the negligent operation" of a motor vehicle. Otherwise, SMART was immune from liability. Because the effect of the trial court's ruling was to deny SMART's claim of immunity, we have jurisdiction to address this issue pursuant to MCR 7.203(A) and MCR 7.202(6)(a)(*v*).

In the instant case, the effect of the trial court's ruling was to deny SMART's and Riley's claims of immunity. See *Seldon*, 297 Mich App at 436. As a result, this Court has jurisdiction to review the trial court's decision that there was evidence of negligence and gross negligence under MCR 7.203(A) and MCR 7.202(6)(a)(*v*). *Id*.

The motor vehicle exception only applies to claims for damages arising from the *negligent operation* of a motor vehicle. MCL 691.1405 (emphasis added). Thus, if there is no evidence of the negligent operation of a motor vehicle, the governmental entity is immune from liability as a matter of law. See MCL 691.1405; *Seldon*, 297 Mich App at 436. The effect of the court's ruling that there was evidence of negligence was to deny SMART's claim of immunity. Similarly, if there is no evidence of gross negligence, then Riley is entitled to immunity as a matter of law under MCL 691.1407(2)(c). The effect of the court's finding that there was evidence of gross negligence was to deny Riley's claim of immunity. See MCL 691.1405; *Seldon*, 297 Mich App at 436. As a result, this Court has jurisdiction over those issues under MCR 7.203(A) and MCR 7.202(6)(a)(*v*). *Seldon*, 297 Mich App at 436.

Second, plaintiffs assert that defendants' argument regarding the propriety of Timothy Robbins's expert affidavit is outside the scope of this Court's jurisdiction. However, defendants argue on appeal that Robbins's affidavit *does not create a genuine issue of material fact*. This argument directly relates back to whether plaintiffs established a question of fact regarding whether Riley was negligent or grossly negligent. Again, this Court has jurisdiction to review the trial court's decision that there was evidence of negligence and gross negligence because this decision effectively denied SMART's and Riley's claims of governmental immunity. See *Seldon*, 297 Mich App at 436.

Finally, plaintiffs claim that the court's decision to sanction defendants under MCR 2.114 is outside this Court's jurisdiction. The court sanctioned defendants for bringing their motion for summary disposition and arguing that they were entitled to governmental immunity. The court said that defendants' attorney should have made a more reasonable inquiry "with regard to the

state of the law regarding rear-end collisions. And that statute that covers them, particularly as they apply to the operator of a government owned vehicle." The trial court's decision to sanction defendants does not fall into any of the categories of MCR 7.202(6)(a), which defines a final judgment or order in a civil case. Consequently, that decision was not appealable as of right. However, this Court has the discretion to treat a claim of appeal as an application for leave to appeal, and then grant the application. *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 354; 833 NW2d 384 (2013). We have decided to do so here, given that the court's decision to sanction defendants was dependent on its decision regarding the substantive motion. For purposes of judicial efficiency, we will address whether the trial court clearly erred in sanctioning defendants.

Second, defendants argue that the trial court erred in denying summary disposition with respect to SMART. We disagree.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008); *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). With respect to a motion brought under MCL 2.116(C)(7), "the moving party is entitled to summary disposition if the plaintiff's claims are barred because of immunity granted by law." *Odom*, 482 Mich at 466. In deciding a motion for summary disposition under MCR 2.116(C)(7), the trial court considers any affidavits, depositions, or other documents, that the movant may have submitted. *Id*. "The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Id*. "A summary disposition motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co*, 292 Mich App at 280. "When deciding a summary disposition motion, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the opposing party." *Id*.

The Government Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, "shields a governmental agency from tort liability 'if the governmental agency is engaged in the exercise or discharge of a governmental function.' " *Duffy v Mich Dep't of Natural Resources*, 490 Mich 198, 204; 805 NW2d 399 (2011), quoting MCR 691.1407(1). "The GTLA permits a cause of action to be brought against a governmental agency in only six discrete areas." *Lash v Traverse City*, 479 Mich 180, 195; 735 NW2d 628 (2007). The motor vehicle exception, found at MCL 691.1405, creates one such area. MCL 691.1405 provides:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner.

The term "operation of a motor vehicle" encompasses "activities that are directly associated with the driving of a motor vehicle." *Seldon*, 297 Mich App at 435.

First, SMART is not entitled to summary disposition because Riley is presumed negligent under MCL 257.402(a). This presumption of negligence creates an issue of fact regarding

whether Riley was negligent and triggers the motor vehicle exception of MCL 691.1405, precluding summary disposition for SMART based on governmental immunity. MCL 257.402(a) provides:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle *shall be deemed prima facie guilty of negligence*. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator. [Emphasis added.]

MCL 257.402(a) creates a statutory presumption of negligence. *White v Taylor Distrib Co, Inc*, 482 Mich 136, 138-139; 753 NW2d 591 (2008). In this case, it is undisputed that the SMART bus Riley was driving "overtook and struck the rear end of another vehicle proceeding in the same direction." Riley and plaintiffs testified during their depositions that the bus collided with the back of the semi truck.

Plaintiffs also cite to MCL 257.627(1) as evidence of Riley's negligence. MCL 257.627(1) provides:

> A person operating a vehicle on a highway shall operate that vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other condition then existing. A person shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead.

Our Supreme Court has noted that the analysis of MCL 257.627(1) is "virtually identical" to the analysis of MCL 257.402(a). *White*, 482 Mich at 138 n 3, citing *Zeni v Anderson*, 397 Mich 117, 134; 243 NW2d 270 (1976) (stating that it is correct not to distinguish between these two statutes "as to acceptable standards of excuse"). Consequently, MCL 257.627(1) also creates a presumption of negligence, which may be rebutted in the same way as the presumption of negligence established by MCL 257.402(a). See *White*, 482 Mich at 138 n 3; *Zeni*, 397 Mich at 134.

Although MCL 257.402(a) creates a presumption of negligence, that presumption "may be rebutted by showing the existence of a sudden emergency." *White*, 482 Mich at 139. Defendants appear to argue that the conditions of the roads and the actions of the other drivers created a sudden emergency that rebut any presumption of negligence created by MCL 257.402(a). However, even if the sudden-emergency doctrine applies, it does not completely negate the statutory presumption of negligence established by MCL 257.402(a). See *White*, 482 Mich at 143; *Vsetula v Whitmyer*, 187 Mich App 675, 681; 468 NW2d 53 (1991). Rather, evidence of a sudden emergency creates a question of fact whether Riley was negligent in operating the SMART bus. See *White*, 482 Mich at 143; *Vsetula*, 187 Mich App at 681.

Michigan courts have described the sudden-emergency doctrine in this way:

> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [*Vsetula*, 187 Mich App at 680-681 (citations omitted).]

To constitute a sudden emergency, "the circumstances attending the [car] accident must present a situation that is 'unusual or unsuspected.' " *Vander Laan v Miedema*, 385 Mich 226, 232; 188 NW2d 564 (1971). A situation is "unusual" if it "varies from the everyday traffic routine confronting the motorist." *Id*. The description of a situation as "unsuspected" "connotes a potential peril within the everyday movement of traffic." *Id*. The potential peril must not have been in clear view for a significant length of time, and it must be "totally unexpected." *Id.*

As defendants argue, this Court has held that "[i]cy patches on Michigan roads in winter can be unsuspected." *Vsetula*, 187 Mich App at 681. Defendants also appear to claim that the actions of the driver, who pulled in front of the bus and then unexpectedly turned down the street by the gas station, along with the "unanticipated slippery conditions," constituted a sudden emergency. However, the fact that icy patches *can* be unsuspected does not mean that icy patches always create a sudden emergency. See *id*. Furthermore, the existence of a sudden emergency does not automatically negate a presumption of negligence. Rather, the existence of a sudden emergency is evidence for the jury to consider when deciding if a defendant was negligent. See *White*, 482 Mich at 143; *Vsetula*, 187 Mich App at 681. Defendants' claim of a sudden emergency does not entitle SMART to summary disposition.

Defendants also argue that the trial court improperly considered Robbins's affidavit in denying their motion for summary disposition because Robbins's affidavit is speculative and "unsupported by record evidence." Because we conclude that MCL 257.402(a) creates a presumption that Riley was negligent, we need not address this issue.

Finally, defendants claim that the burden of proving "the negligent operation . . . of a motor vehicle" is higher than proving ordinary negligence, which is the type of negligence presumed in MCL 257.402(a). However, they cite no authority for this contention. "A party may not leave it to this Court to search for authority to sustain or reject its position." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). In fact, case law defies defendants' argument and instead supports the proposition that the type of negligence required to support a claim under the motor vehicle exception of the GTLA is simply ordinary negligence. See *Alex v Wildfong*, 460 Mich 10, 17; 594 NW2d 469 (1999) ("a person injured by a government employee driving a government-owned vehicle . . . can seek damages from the owner of the vehicle under the ordinary negligence standard"); *Seldon*, 297 Mich App at 433 (citing the elements of ordinary negligence when determining if the motor vehicle exception of MCL 691.1405 applied to plaintiff's claim).

Given that the term "operation of a motor vehicle" encompasses "activities that are directly associated with the driving of a motor vehicle," it is clear that any injuries plaintiffs sustained from the accident resulted from the operation of a motor vehicle. See *Seldon*, 297 Mich App at 435; see also MCL 691.1405. Because MCL 257.402(a)'s presumption of

negligence applies in this case, there is a question of fact whether Riley negligently operated the SMART bus and summary disposition is inappropriate.

Third, defendants argue that the trial court erred in denying summary disposition with respect to Riley. We agree.

Under the GTLA, "a governmental employee is not liable in tort for personal injuries as long as the employee's 'conduct does not amount to gross negligence that is the proximate cause of the injury or damage.' " *Oliver v Smith*, 269 Mich App 560, 565; 715 NW2d 314 (2006), quoting MCL 691.1407(2)(c). "Gross negligence" is "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

First, the trial court erred in stating that evidence of ordinary negligence creates a question of fact regarding gross negligence. It is well-settled that "evidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999); *Seldon*, 297 Mich App at 440. Rather, "[i]f reasonable jurors could honestly reach different conclusions regarding whether conduct constitutes gross negligence, the issue is a factual question for the jury. However, if reasonable minds could not differ, the issue may be determined by a motion for summary disposition." *Seldon*, 297 Mich App at 441, quoting *Oliver*, 290 Mich App at 685.

Second, there was no evidence that Riley was grossly negligent, or that her conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results." See MCL 691.1407(8)(a). Plaintiffs rely on Pinson's deposition testimony in arguing that there was evidence of gross negligence: "Ms. Pinson specifically testified that there was no braking prior to the bus's collision with the stationary semi. . . . Ms. Pinson further testified that Ms. Riley did *not* put her emergency brake on until *after* she struck the rear of the semi." First, Pinson did not testify that "there was no braking" before the collision occurred. Rather, Pinson answered "no" when asked if she *felt* "the bus driver attempt to brake the bus prior to the collision with the truck." Pinson's testimony that Riley did not apply the emergency brake until after the bus collided with the semi truck does conflict with Riley's testimony that she applied the emergency brake before the collision, but the emergency brake did not slow the bus down. However, even if Riley applied the emergency brake at the improper time, this does not demonstrate "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." See MCL 691.1407(8)(a).

Plaintiffs also assert that Riley was grossly negligent because she was "proceeding at a speed that was substantially above what the weather and road conditions allowed." However, Riley testified that she was going 25 to 30 miles per hour on a road that has a speed limit of 45 miles per hour, was proceeding with caution and made reasonable attempts to avoid a collision with a vehicle that suddenly applied brakes in her path. The affidavit of Robbins asserted that Riley was traveling in excess of 30 mph but does not state how much in excess of 30mph she was traveling at the time of impact. Robbins affidavit, while critical of Riley's assertions regarding the vehicle speed, does not offer a counter rate of travel. There is simply no evidence to demonstrate that Riley acted with "a substantial lack of concern for whether an injury" would result. See MCL 691.1407(8)(a).

Finally, defendants claim that the trial court erred in sanctioning them pursuant to MCR 2.114(D). We agree in part and disagree in part.

"This Court reviews a trial court's decision to deny sanctions for clear error." *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 485-486; 760 NW2d 526 (2008). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.* at 486 (internal citation omitted).

Although the trial court did not cite the basis for its decision to sanction defendants, it is clear from the trial court's oral ruling that it relied on MCR 2.114(D), which provides:

> The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
>
> (1) he or she has read the document;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a document is signed in violation of MCR 2.114(D), then MCR 2.114(E) states that the trial court shall impose "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees."

The trial court stated that defendants' attorney should have made a more reasonable inquiry "with regard to the state of the law regarding rear end collisions. And that statute that covers them, particularly as they apply to the operator of a government owned vehicle." Thus, the court questioned whether defendants' motion was "warranted by existing law." See MCR 2.114(D)(2). MCL 257.402(a) clearly creates a presumption of negligence when one motor vehicle rear ends another. See *White*, 482 Mich at 138-139; *Hill v Wilson*, 209 Mich App 356, 359; 531 NW2d 744 (1995). Consequently, it was not clearly erroneous for the trial court to determine that the motion for summary disposition with respect to SMART was not "warranted by existing law." As discussed above, defendants do not cite any authority for their contention that proving the negligent operation of a motor vehicle is a higher burden than proving ordinary negligence.

However, as we concluded above, the trial court erred in denying summary disposition with respect to Riley. There was no evidence that she acted with gross negligence. Consequently, it was clearly erroneous for the court to sanction defendants with respect to that part of their motion for summary disposition. This Court remands this case to the trial court to reconsider the sanctioning of defendants, given that part of their motion had merit.

-7-

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award costs given that neither party prevailed in toto. MCR 7.219.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens