# STATE OF MICHIGAN

# COURT OF APPEALS

---

PHILLIP PETER ORZECHOWSKI,

Plaintiff-Appellant,

v

YOLANDA ORZECHOWSKI,

Defendant-Appellee,

and

DANIELLE LENNA DUNLAP,

Defendant.

UNPUBLISHED
September 20, 2018

No. 340085
Oakland Circuit Court
LC No. 2016-153952-NI

---

Before: M. J. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

In this third-party vehicle negligence case, plaintiff, Phillip Orzechowski, appeals as of right the trial court order granting summary disposition in favor of defendant, Yolanda Orzechowski, under MCR 2.116(C)(10), and denying Phillip's motion for reconsideration and his motion for relief from judgment. For the reasons stated in this opinion, we reverse and remand.

## I. BASIC FACTS

On December 18, 2014, Phillip was injured in a multi-vehicle accident caused in part by black ice and poor weather conditions. Just before the accident, Phillip was travelling from a restaurant to a car dealership. His wife, Yolanda, was following him in a separate vehicle. According to Phillip, he was driving between 38 and 44 miles per hour along Haggerty Road, and although it was misty, dark, and cold, he did not have any trouble controlling his vehicle until he reached the top of an overpass on Haggerty. At the peak of the overpass, he observed

-1-

that there were vehicles stopped in his lane. He also saw defendant Danielle Dunlap's[1] vehicle sliding from her northbound lane into his southbound lane. Phillip testified that he immediately applied the brakes. He also noted that he thought he might be able to get through a gap in the vehicles, but he was unable to avoid colliding with Dunlap's vehicle. A few seconds after Phillip collided with Dunlap's vehicle, Yolanda crested the hill, saw the accident, and applied her brakes. Because there was black ice on the road, she was unable to stop before rear ending Phillip's vehicle. She estimated that she was travelling approximately 40 miles per hour when she struck his vehicle. In July 2016, Phillip brought a negligence claim against Dunlap and Yolanda.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Phillip first argues that the trial court erred by granting summary disposition to Yolanda because there was a question of fact regarding the applicability of the sudden emergency doctrine. "This Court reviews de novo whether a trial court properly granted a motion for summary disposition." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Motions under MCR 2.116(C)(10) test "the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Thus, the trial court "must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion, and grant the benefit of any reasonable doubt to the opposing party." *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993).

### B. ANALYSIS

In order to establish a prima facie case of negligence, a plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Schultz v Consumers Power Co*, 443 Mich 445, 449; 506 NW2d 175 (1993). Here, because Yolanda struck Phillip's vehicle from the rear, she is presumed to be negligent under MCL 257.402(a).[2] Yet, "[t]he statutory presumption of negligence under MCL 257.402(a) may be

---

[1] In her deposition, Dunlap explained that she had married in June 2013, and her legal name is now Danielle Dunlap-Barnes. However, for ease of reference, we will refer to her as Dunlap.

[2] MCL 257.402(a) provides:

> (a) In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned

rebutted by showing the existence of a sudden emergency." *White v Taylor Dist Co, Inc*, 482 Mich 136, 139; 753 NW2d 591 (2008). "The sudden-emergency doctrine applies 'when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making.'" *Id.* at 139-140, quoting *McKinney v Anderson*, 373 Mich 414, 419; 129 NW2d 851 (1964).

Yolanda asserts that she experienced a sudden emergency when she was abruptly confronted with a combination of black ice on a bridge and a roadway blocked by vehicles that had just been in a crash. She contends that the black ice was a hazardous and unknown condition. We agree that the presence of ice on a roadway can constitute a sudden emergency, even in Michigan where it is not unusual for the roads to be icy in the winter. See *Young v Flood*, 182 Mich App 538, 543-544; 452 NW2d 869 (1990). In *Young*, this Court held that the jury was properly instructed on the sudden-emergency doctrine when the roads were slippery, there was no evidence that the defendant was driving at an unreasonable speed for the conditions, and the defendant testified that she hit a patch of ice that caused her to skid. *Id.* at 544. Further, in *Vsetsula v Whitmyer*, 187 Mich App 675, 677, 681; 468 NW2d 53 (1991), the trial court erred by not instructing the jury on the sudden-emergency doctrine when the defendant testified that she was driving two to three miles per hour as she approached the end of her driveway when she hit a patch of ice that caused her to lose control of her vehicle.

Yolanda recognizes that in both *Young* and *Vsetsula*, this Court held that whether the ice constituted a sudden emergency was a question for the jury, not a question for the court to decide as a matter of law. Nevertheless, she attempts to distinguish those cases by asserting that in this case there is unrebutted evidence showing that the black ice on the overpass was unexpected and that she was driving a reasonable speed for the conditions. We disagree.

Here, there was evidence suggesting that, unlike the defendant in *Young*, Yolanda was driving too fast for the road conditions. Yolanda and Phillip both testified that it was dark, cold, and that the roads were wet. Phillip described the temperatures as "hovering" around the freezing mark. Additionally, Dunlap testified that leading up to the overpass, the road was icy, there were intermittent snow flurries, and both she and the vehicles ahead of her were only travelling approximately 15 miles per hour. Despite the cold and wet conditions, Yolanda estimated that she was driving 40 miles per hour, and Phillip believed he was between 38 and 44 miles per hour. Both Phillip and Yolanda were heading toward an 8:30 p.m. appointment at a car dealership and had just left a restaurant. The accident was about three or four miles away from the restaurant. Phillip left first and Yolanda testified that "he was long gone before I was, because I'm pokey." She also testified that she got caught at a red light. Despite leaving later and getting caught at the light, Yolanda was driving fast enough to catch up with Phillip, who was either driving slightly faster or slower than her. Dunlap testified that when she saw Phillip's vehicle, she could see the lights from Yolanda's vehicle just behind him. She opined that, based

---

vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.

on the road conditions, Yolanda was following too closely. Additionally, Yolanda's vehicle struck Phillip's vehicle within seconds after he collided with Dunlap's vehicle, which also allows for an inference that she had driven quickly to catch up with Phillip and was too close behind.

Yolanda contends that this Court should not consider Dunlap's testimony that Yolanda was too close to Phillip's vehicle. She asserts that such testimony amounts to mere speculation. Evidence in support of or in opposition to a motion for summary disposition needs to be substantively admissible; however, that does not mean that a reviewing court should exclude evidence when there is a plausible basis for the admission of the evidence. *Barnard Mfg*, 285 Mich App at 373. In this case, it is possible that, at trial, Phillip can lay the proper foundation to admit Dunlap's testimony as a lay opinion. MRE 701 permits the admission of lay opinion testimony, provided that the opinions or inferences "are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Thus, although the foundation for a lay opinion was not laid in Dunlap's deposition testimony, there is a plausible basis for the admission of the evidence so the trial court can rely on it in reaching its decision. *Barnard Mfg*, 285 Mich App at 373.

Moreover, *Young* and *Vsetsula* make clear that the application of the sudden-emergency doctrine is a jury question, even in situations where the defendant was apparently driving at a reasonable speed when he or she hit a patch of ice and lost control of his or her vehicle. Thus, even without evidence that Yolanda was driving too fast for conditions, there would still be a jury question. See *Young*, 182 Mich App at 544; *Vsetsula*, 187 Mich App at 677. Accordingly, on this record, the trial court erred by granting summary disposition in Yolanda's favor because there is a material question of fact with regard to whether Yolanda encountered a sudden emergency or whether she was driving negligently when she rear-ended Phillip's vehicle.[3]

---

[3] Phillip also argues that the trial court abused its discretion by denying his motion to set aside the summary disposition judgment under MCR 2.612(C). Phillip contends that relief from judgment was warranted because he was never served with the briefing scheduling order, which caused him to fail to file a response to Yolanda's motion for summary disposition. In this case, the parties were operating under Oakland County's mandatory e-filing system. Under that system, the trial court "may exercise its discretion to grant necessary relief to avoid the consequences of error *so as not to affect the substantial rights of the parties*." Administrative Order No. 2007-3, 482 Mich cxiii, cxiv (2016) (emphasis added). Moreover, under, § 11,

(a) A party experiencing a technical malfunction with the party's equipment (such as Portable Document Format [PDF] conversions problems or inability to access the project sites), another party's equipment (such as an inoperable e-mail address), *or an apparent technical malfunction of the court's equipment, software, or server* shall use reasonable efforts to timely file or receive service by traditional methods and *shall provide prompt notice to the court and the parties of any such malfunction.*

Reversed and remanded for further proceedings.  Phillip may tax costs as the prevailing party.  MCR 7.219(A).  We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

---

(b) *If a technical malfunction has prevented a party from timely filing,* responding to, or otherwise perfecting or receiving service of an e-filing, *the affected party may petition the Sixth Circuit Court for relief.*  Such petition shall contain an adequate proof of the technical malfunction and set forth good cause for failure to use nonelectronic means to timely file or serve a document.  The court shall liberally consider proof of the technical malfunction and use its discretion in determining whether such relief is warranted.  [AO 2007-3, § 11 (emphasis added.]

In this case, although not styled as a petition for relief from a technical malfunction, Phillip's motion for relief from judgment contained the necessary proof.  In an affidavit submitted with the motion for relief from judgment, Phillip's lawyer averred that he did not receive e-service of the court's May 3, 2017 briefing scheduling order, nor did his assistant receive e-service of the order.  He stated that he intended to file a response in opposition to Yolanda's motion for summary disposition on or before June 14, 2017, as permitted by the Michigan Court Rules.

Given that proof of a technical malfunction should be liberally construed, AO 2007-3, § 11(b), we are troubled by the trial court's apparent lack of concern for Phillip's contention that he did not receive the e-filed court order.  Further, we are unpersuaded by Yolanda's argument that the failure to receive the scheduling order was, essentially, harmless because Phillip should have expected such an order and should have suspected that one was issued when he received e-filed documents from Yolanda that were filed pursuant to that order.  Although the trial court may evaluate that evidence when faced with a claim that there was a technical malfunction, the court in this case did not actually determine whether Phillip's failure to file a timely response was the result of a technical malfunction so as to justify an extension of the deadline.  Consequently, on this record, even if there were not a material question of fact preventing summary disposition on the question of the sudden-emergency doctrine, we would nevertheless conclude that, by not addressing whether there was a technical malfunction, the trial court abused its discretion in denying the motion for relief from judgment.  See *Rieth v Keeler*, 230 Mich App 346, 348; 583 NW2d 552 (1998) (stating that it is an abuse of discretion to fail to exercise discretion when called to do so).

-5-