KATTULA v D G STANDHARDT ASSOCIATES, INC

Docket No. 72326. Submitted January 5, 1984, at Detroit.—Decided February 7, 1984.

Plaintiff, Elizabeth Kattula, brought an action in the Oakland Circuit Court seeking damages for injuries allegedly received when her vehicle was struck by a van owned by defendant D. G. Standhardt Associates, Inc., also known as Standhardt Design Associates, Inc., and driven by its employee, defendant Michael J. Lange. Following an earlier postponement to allow further discovery, mediation was set for May 14, 1980. No objection was raised that the mediation was untimely or that discovery was incomplete. Both parties submitted extensive mediation summaries. The mediation panel's evaluation was for $65,000 for the plaintiff. On June 2, 1980, defendants filed their acceptance of the mediation award. Plaintiff filed nothing within the 20-day acceptance period, such inaction constituting a rejection pursuant to the General Court Rules. A trial date was thereafter set, then adjourned several times. Subsequently, the trial was set for June 7, 1983. The parties met on May 2, 1983, for a status conference with the trial judge. Plaintiff requested remediation at such conference alleging that discovery had not been completed at the time of the first mediation. The trial court, Alice L. Gilbert, J., ordered remediation on that ground. Defendants filed a motion to remove the cause from mediation on May 16, 1983. The motion was heard and denied and an order to that effect was entered by the trial court on June 30, 1983. Defendants' emergency application for leave to appeal from that order was granted by the Court of Appeals on July 28, 1983. Held:

1. The court rule regarding mediation does not provide for multiple, repeated mediation or remediation hearings. However, the Court of Appeals is not inclined to hold as a matter of law that the court rule does not authorize trial courts to order

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arbitration and Award § 52.
[2] 75 Am Jur 2d, Trial § 28.
[3] 5 Am Jur 2d, Arbitration and Award §§ 143, 189.
[4] 5 Am Jur 2d, Arbitration and Award §§ 114, 115.

remediation, because cases may arise where valid reasons are determined to exist for setting aside a mediation evaluation. This is not such a case.

2. It was contrary to GCR 1963, 316.3(a) to order the remediation based on plaintiff's claim that discovery had not been completed at the time of the first mediation since plaintiff did not file a written motion to remove the cause from the first mediation as required by the court rule. The trial court abused its discretion in ordering the remediation.

Reversed.

1. TRIAL — MEDIATION — COURT RULES.
   Each party to a mediation conducted pursuant to the court rule pertaining thereto must file a written acceptance or rejection of the mediation panel's evaluation with the mediation clerk within 20 days after the mailing of the panel's evaluation; the failure to file a written acceptance within 20 days constitutes a rejection (GCR 1963, 316.6[h][1]).

2. TRIAL — SPEEDY TRIAL — COURT RULES.
   Litigants are entitled to a just, speedy and inexpensive determination of their case (GCR 1963, 13).

3. TRIAL — MEDIATION — MULTIPLE MEDIATIONS — COURT RULES.
   The court rule regarding mediation provides for the submission of any civil case in which the relief sought consists of money damages or the division of property; the rule does not provide for multiple, repeated mediation or remediation hearings; however, cases may arise where valid reasons are determined to exist for setting aside a mediation evaluation (GCR 1963, 316).

4. TRIAL — MEDIATION — OBJECTIONS TO MEDIATION.
   The court rule regarding mediation provides that a party who objects to mediation must file a written motion to remove the case from mediation and a notice of hearing of the motion and serve a copy on counsel of record and the mediation clerk within 15 days after notice of the order assigning the case to mediation (GCR 1963, 316.3[a]).

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas* and *Robert E. Sullivan),* for defendants.

Before: CYNAR, P.J., and GRIBBS and M. R. KNOB-LOCK,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

CYNAR, P.J. Defendants appeal from a June 30, 1983, circuit court order denying defendants' motion to remove the case from mediation. Application for leave to appeal was granted by this Court on July 28, 1983.

Defendants have filed a statement of facts and proceedings for purposes of this appeal which was certified by the trial court on August 25, 1983.

Plaintiff instituted this action on January 22, 1979, for damages for injuries allegedly received on January 30, 1976, when her vehicle was struck by a van owned by defendant D. G. Standhardt Associates, Inc., and driven by its employee, defendant Michael John Lange.

The case was scheduled for mediation on December 17, 1979; however, the mediation was ordered postponed pursuant to stipulation of the parties for at least 60 days because additional discovery was necessary. Mediation was set again for May 14, 1980. No objection was raised that the mediation was untimely or that discovery was incomplete. Both parties submitted extensive mediation summaries. The mediation panel's evaluation was $65,000. (Defendants' certified statement of facts reports $55,000, which appears to be in error.) The evaluation also reminded plaintiff, pursuant to GCR 1963, 316.7(b)(1), that if she rejected the evaluation she would have to obtain a jury verdict of at least $71,500 (ten percent above the evaluation) or else pay actual costs.

On June 2, 1980, defendants filed their acceptance of the mediation award. Plaintiff filed nothing within the 20-day acceptance period, and under GCR 1963, 316.6(h)(1), this constituted rejection. However, on July 15, 1980, plaintiff's attorney made repeated settlement offers to defendants on the premise that "discovery has been completed

with this being an obvious case of liability". However, discovery continued thereafter in 1980, 1981 and 1982. Defendants did not settle. A trial date was set, then adjourned several times.

Having received notice that the trial was set for June 7, 1983, the parties met on May 2, 1983, for a status conference with the trial judge. During the status conference, plaintiff requested remediation because discovery had not been completed at the time of the first mediation. The trial court ordered remediation on that ground. No transcript of the status conference of May 2, 1983, exists, since the conference was held off the record. Defendants filed a motion to remove this cause from mediation on May 16, 1983. The motion was heard and denied. An order denying defendants' motion to remove from mediation was entered on June 30, 1983.

Defendants filed an emergency application for leave to appeal from that order, which this Court granted on July 28, 1983. Defendants subsequently obtained the trial court's certification of defendants' proposed concise statement of facts and proceedings. Plaintiff did not file a brief in this appeal.

The issue in this appeal is whether the trial court erred reversibly in ordering remediation.

Litigants are entitled to a just, speedy and inexpensive determination of their case. These basic concepts are expressed in the Michigan General Court Rules, Rule 13, Construction:

"These rules are to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties."

The appeal concerns the construction and application of Michigan's mediation rule, GCR 1963, 316, which reads in pertinent part as follows:

".1 Scope and Applicability of Rule.

"(a) A court may submit to mediation any civil case in which the relief sought consists of money damages or division of property.

\*    \*    \*

".2 Selection of Cases.

"(a) The judge to whom a case is assigned or the chief judge may select it for mediation by written order at least 90 days after the filing of the answer.

"(1) on written stipulation by the parties,

"(2) on written motion by a party, or

"(3) on the judge's own motion.

"(b) Selection of a case for mediation has no effect on the normal progress of the case toward trial.

".3 Objections to Mediation.

"(a) To object to mediation, a party must file a written motion to remove from mediation and a notice of hearing of the motion and serve a copy on counsel of record and the mediation clerk within 15 days after notice of the order assigning the case to mediation. The motion must be set for hearing within 15 days after it is filed, unless the court orders otherwise.

\*    \*    \*

".6 Procedure for Mediation.

\*    \*    \*

"(h) Action on Board's Decision.

"(1) Each party must file a written acceptance or rejection of the panel's evaluation with the mediation clerk within 20 days after the mailing of the panel's evaluation. The failure to file a written acceptance within 20 days constitutes rejection.

\*    \*    \*

".7 Effect of Mediation.

\*    \*    \*

"(b) If any party rejects the panel's evaluation, the case proceeds to trial in the normal fashion.

"(1) If the defendant accepts the evaluation but the plaintiff rejects it and the case proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the panel's evaluation, or pay actual costs to the defendant."

Mediation was first scheduled for December 17, 1979, this date being approximately 11 months after suit was instituted. Pursuant to stipulation of the parties, the trial court adjourned mediation to allow further discovery. Mediation was again set for May 14, 1980. No objection, written or otherwise, was made to this mediation date. Mediation took place on the date as set and a mediation award was made.

Several trial dates were set prior to the last trial date, June 7, 1983. The parties met with the trial judge on May 2, 1983, for a status conference. On the said date almost three years had elapsed since the mediation award and over seven years had elapsed since the date of the accident. Over defendants' objection, the trial court granted plaintiff's request for remediation because discovery had not been completed at the time of the May 14, 1980, mediation.

A fair reading of the court rule on mediation, GCR 1963, 316, adopted in 1980, provides for submission of any civil case in which the relief sought consists of money damages or division of property. The court rule does not provide for multiple, repeated mediation or remediation hearings. We are not inclined to hold as a matter of law that GCR 1963, 316 does not authorize trial courts to order remediation, because cases may arise where valid

reasons are determined to exist for setting aside a mediation evaluation. This is not such a case.

Granting remediation in this case may raise a number of problems. Foremost in mind is whether the parties would be bound by the mediation or by the remediation award. Further, whether granting remediation at the request of one side would accord a similar right thereafter to the opposing party.

Since it is incumbent upon the parties to pay the mediation panel for its services, remediation will cause additional costs and attorney fees to be incurred.

To order remediation some three years later because discovery had not been completed at the time of the May 14, 1980, mediation was contrary to GCR 1963, 316.3(a). Plaintiff did not file a written motion to remove the cause from the May 14, 1980, mediation as required.

The trial court in this case abused its discretion in ordering a remediation when plaintiff did not object, until years later, that the mediation was premature due to incomplete discovery.

Reversed.