## MICKOWSKI v KEIL

Docket No. 89163, 89482. Submitted December 17, 1986, at Detroit. Decided July 28, 1987.

Gerald and Dorothy Mickowski brought two separate actions, which were later consolidated in Oakland Circuit Court, against Dieter Keil, Joerg Hoefer and others. On plaintiffs' claims and defendants' counterclaims, a mediation panel returned an evaluation of $50,000 in favor of plaintiffs, which defendants accepted but plaintiffs rejected. The trial court, Francis X. O'Brien, J., entered orders allowing a substitution of plaintiffs' attorney and a second mediation pursuant to a stipulation by the parties. The cases were not remediated and the matter proceeded to a trial where the jury awarded no money judgment to any party on the claims as presented. In Docket No. 89163, defendants appealed from an order by the trial court denying recognition of the initial mediation award as a basis for an award of costs and, in Docket No. 89482, defendant Joerg Hoefer appealed from the trial court order denying his motion for costs pursuant to the mediation court rule. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

The initial mediation award was effectively vacated after the order appointing a panel for remediation was signed and subsequently entered. The trial court therefore did not err in ruling that the parties were no longer bound by the mediation award.

Affirmed.

TRIAL — MEDIATION — MULTIPLE MEDIATIONS — COURT RULES.

Parties to an action who stipulate to a second mediation cease to be bound by the initial mediation evaluation once the trial court enters an order appointing a remediation panel; accordingly, sanctions for the rejection of an initial mediation evaluation may not be imposed where a remediation is ordered, but not held, and the action proceeds to trial (GCR 1963, 316, now MCR 2.403).

REFERENCES

Am Jur 2d, Arbitration and Award § 139

Liability of parties to arbitration for costs, fees, and expenses. 57 ALR3d 633.

*Henry Baskin, P.C.* (by *Henry Baskin*), for plaintiffs.

*Solner & Solner, P.C.* (by *Robert J. Solner*), for defendants Keil, Jansen and Flora Investment Co.

*Vestevich, Dritsas, McManus, Evans, Payne & Vlcko, P.C.* (by *Kevin D. Welsh*), for defendant Hoefer.

Before: GRIBBS, P.J., and J. H. GILLIS and C. W. SIMON, JR.,* JJ.

PER CURIAM. This is a consolidated appeal in which the parties contest whether a mediation award should have been recognized as a basis for an award of costs. In the first action, defendants appeal as of right from an order denying recognition of a prior mediation award. In the second action, defendant Joerg Hoefer appeals as of right from an order denying his motion for costs. We affirm both orders.

These two cases were originally filed separately in Macomb and Oakland Circuit Courts. Both cases were subsequently consolidated in Oakland Circuit Court. On stipulation by the parties, an order was entered advancing the matter to mediation and for trial.

Mediation was held on February 16, 1982. The panel's evaluation required defendants, jointly and severally, to pay $50,000 for purposes of settlement. The evaluation was accepted by all defendants, but plaintiffs rejected it. After an order was later entered allowing substitution of plaintiffs' attorney, all parties agreed that a second mediation should be held. An order appointing a panel

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for remediation was entered. For some reason, however, the remediation was never held.

The matter was tried on May 13, 1985. In accord with the jury's decision, an order was entered offsetting the verdicts and rendering no money judgment to any party on the claims as presented. Defendants subsequently filed motions for costs based upon the initial mediation award. Those motions were denied and are now the subject matter of this appeal.

In both cases, defendants argue that, because the remediation was never held, the initial mediation award still stands. Therefore, defendants contend that they are entitled to costs pursuant to GCR 1963, 316.7(b)(1), now MCR 2.403(O)(1), because plaintiffs rejected the initial mediation award. We disagree.

As noted by this Court in *Kattula v D G Standhart Associates, Inc,* 132 Mich App 49, 55; 347 NW2d 3 (1984), one of the problems that may arise when remediation is granted is whether the parties are bound by the mediation award or by the remediation award. The present cases, however, present a slightly different problem, remediation having been ordered but having never been held.

We find, as did the circuit judge, that the parties are no longer bound by the mediation award. The parties met in camera, and all agreed to remediation. An order appointing a panel for remediation was signed and subsequently entered. Thus, the initial mediation award was effectively vacated. Therefore, in No. 89163, we affirm the order denying recognition of the prior mediation award, and in No. 89482, we affirm the order denying defendant's motion for costs.

Affirmed.