# STATE OF MICHIGAN

# COURT OF APPEALS

---

BOULOS N. MASHNI,

        Plaintiff-Appellant,

v

RICHARD W. BAKER,

        Defendant-Appellee.

UNPUBLISHED
November 20, 2018

Nos. 338555; 339646
Oakland Circuit Court
LC No. 2016-151275-NI

---

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, the Oakland Circuit Court entered an order of judgment of no cause for action regarding plaintiff's third-party negligence claim. On defendant's motion, the trial court subsequently entered an order awarding defendant attorney fees and costs, reflecting its imposition of case evaluation sanctions. Plaintiff appeals as of right. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a motor vehicle collision in which defendant rear-ended plaintiff while on Lapeer Road in Orion Township, during the early morning hours of rush hour traffic in January 2014. Plaintiff had been operating a 2011 GMC Sierra pickup truck and defendant was operating a 2008 Jeep Grand Cherokee. As a result of the collision, plaintiff alleged that he suffered a serious impairment of his body functions. The parties participated in case evaluation on December 22, 2016, following which the panel returned a $25,000 award for plaintiff. Defendant accepted the award and plaintiff rejected it. The parties unsuccessfully participated in facilitation on January 30, 2017, and the case proceeded to trial in April 2017.

Plaintiff and defendant each testified at trial, as did plaintiff's wife, and they each presented testimony from medical doctors. Following two days of trial, the jury returned its verdict that defendant was not negligent. Accordingly, the court entered an order of judgment of no cause for action. Defendant moved for taxation of costs and entry of case evaluation sanctions on May 31, 2017, pursuant to MCR 2.403(O), on the primary ground that he accepted the case evaluation award of $25,000 to plaintiff and plaintiff rejected it. The trial court ruled that defendant was entitled to taxable costs in the amount of $15,607.64 and reasonable attorney fees in the amount of $33,375.

## II. ANALYSIS

## A. INSTRUCTIONAL ERROR

Plaintiff asserts that instructional error occurred in two respects: (1) that he was entitled to an instruction that defendant was presumed negligent under MCL 257.402(a); and (2) that the trial court erroneously instructed the jury regarding the sudden-emergency doctrine because icy conditions could not excuse defendant's alleged violation of MCL 257.627(1).

We first conclude that plaintiff waived his latter claim of instructional error because he repeatedly expressed satisfaction with the trial court's jury instructions without otherwise raising an issue pertaining to MCL 257.627. *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 545; 854 NW2d 152 (2014) ("A party is deemed to have waived a challenge to the jury instructions when the party has expressed satisfaction with, or denied having any objection to, the instructions as given."). Thus, any argument regarding the propriety of the jury instructions relative to MCL 257.627 and the sudden emergency doctrine has been waived. However, because plaintiff argued instructional error with respect to an instruction under MCL 257.402(a) several times in the trial court, he properly preserved the argument. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 182-183; 521 NW2d 499 (1994).[1]

"We review claims of instructional error de novo. In doing so, we examine the jury instructions as a whole to determine whether there is error requiring reversal." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "We will only reverse for instructional error where failure to do so would be inconsistent with substantial justice." *Id*.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case*, 463 Mich at 6. "The instructions should include all the elements of the plaintiff's claims and should not omit material issues, defenses, or theories if the evidence supports them." *Id*. "Instructions must not be extracted piecemeal to establish error." *Id*. "Even if somewhat imperfect, instructions do not create error requiring reversal if, on balance, the theories of the parties and the applicable law are adequately and fairly presented to the jury." *Id*.

---

[1] Although plaintiff's counsel appeared to have expressed satisfaction with the trial court's jury instructions, he nonetheless argued several times in the trial court (i.e., in his motion for summary disposition, his renewed motion for summary disposition, and in a motion for judgment notwithstanding the verdict) that plaintiff was entitled to an instruction that defendant was negligent in accord with MCL 257.402. Notably, considering that § 402(a) creates a rebuttable presumption of negligence, *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 621; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008), it would have been unreasonable for plaintiff to request an instruction that defendant was presumed negligent *before* proofs pertaining to the facts of the accident had begun. Therefore, because plaintiff "raised the issue below and pursued it on appeal," *Peterman*, 446 Mich at 183, he properly preserved it.

MCL 257.402(a) provides, in pertinent part:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence.

" 'Under the rear-end collision statute a rebuttable presumption arises that the offending driver is *prima facie* guilty of negligence.' " *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 621; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008), quoting *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971). "A presumption of negligence 'may be rebutted with a showing of an adequate excuse or justification under the circumstances[.]' " *White*, 275 Mich App at 621, quoting *Farmer v Christensen*, 229 Mich App 417, 420; 581 NW2d 807 (1998) (alteration in original). "When the trial court undertakes to eliminate from the jury's consideration a statutory presumption as a matter of law, at the very least there must be clear, positive, and credible evidence opposing the presumption." *White*, 275 Mich App at 621, citing *Petrosky v Dziurman*, 367 Mich 539, 544; 116 NW2d 748 (1962).

Under the sudden-emergency doctrine:

> One who suddenly finds himself in a place of danger, and is required to act without time to consider the best means that may be adopted to avoid the impending danger is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence. [*White*, 275 Mich App at 622, quoting *Socony Vacuum Oil Co v Marvin*, 313 Mich 528, 546; 21 NW2d 841 (1946).]

"To come within the purview of the sudden-emergency doctrine, the circumstances surrounding the accident must present a situation that is unusual or unsuspected." *White*, 275 Mich App at 622. "The term 'unusual' is employed here in the sense that the factual background of the case varies from the everyday traffic routine confronting the motorist." *Vander Laan*, 385 Mich at 232. "Such an event is typically associated with a phenomenon of nature." *Id*. Conversely, "unsuspected" "connotes a potential peril within the everyday movement of traffic." *Id*. "To come within the narrow confines of the emergency doctrine as 'unsuspected' it is essential that the potential peril had not been in clear view for any significant length of time, and was totally unexpected." *Id*.

"Icy patches on Michigan roads in winter can be unsuspected." *Vsetula v Whitmyer*, 187 Mich App 675, 681; 468 NW2d 53 (1991). "The sudden-emergency instruction should be given whenever there is evidence which would allow the jury to conclude that an emergency existed within the meaning of the sudden-emergency doctrine." *Id*.

Accordingly, when a person faces a sudden emergency, it does not create an invitation to act in a negligent manner; rather, due consideration is given to the circumstances involved. While a person confronted by a sudden emergency is not

guilty of negligence if he or she fails to adopt what subsequently and upon reflection may appear to have been a better method, *Socony Vacuum, supra* at 546 . . . this principle, given the cases cited above, necessarily comes into play when the person chooses one reasonable, non-negligent course of action over another reasonable, non-negligent course of action that would have resulted in a more favorable outcome when viewed in hindsight. [*White*, 275 Mich App at 623.]

When the trial court first ruled on the issue following the parties' cross-motions for summary disposition, it declined to rule that plaintiff was entitled to an instruction that defendant was presumably negligent. Instead, it ruled that there was a genuine issue of material fact. At trial, the court recited the language of MCL 257.402(a) and instructed the jury that

[i]f you find that the defendant violated this statute before or at the time of the occurrence you may infer that the Defendant was negligent. . . . However, if you find that the Defendant used ordinary care and was still unable to avoid the violation of the sudden emergency, then his violation is excused.

Plaintiff contends that this instruction was error and that the trial court should not have instructed the jury regarding the sudden emergency doctrine. According to plaintiff, defendant "failed to provide any evidence to rebut the presumption [of negligence] aside from his own testimony that there might have been some ice on the road." At trial, defendant testified that on the morning of the collision—during rush hour—traffic was congested, i.e., "extreme stop-and-go, accordion style traffic," and he described the weather as being icy. According to defendant, "I accelerated, the vehicles in front of me came to an abrupt stop. I hit the brakes and . . . I slid into the back of the . . . truck that was in front of me." There is otherwise no additional testimony supporting defendant's claim that he encountered a sudden emergency.

Plaintiff's argument is centered largely on *Hill v Wilson*, 209 Mich App 356, 358; 531 NW2d 744 (1995), and the notion that the *Hill* Court's conclusion—that unanticipated stops during rush hour alone do not present a situation giving rise to a sudden emergency—should be applied similarly with respect to icy roads during Michigan winters because "an icy condition is everyday life in Michigan during the winter." However, plaintiff's argument ignores the binding precedent of this Court providing that "[i]cy patches on Michigan roads in winter *can be unsuspected*." *Vsetula*, 187 Mich App at 681 (emphasis added). The relevant inquiry is whether the icy conditions—not rush hour traffic—were sufficient to create a sudden emergency, i.e., whether they were circumstances that presented "a situation that is unusual *or* unsuspected." *White*, 275 Mich App at 622 (emphasis added).

As the trial court twice concluded, there were minimally sufficient facts to allow the jury to decide the issue. "Icy patches on Michigan roads in winter can be unsuspected." *Vsetula*, 187 Mich App at 681. Whether the icy conditions that defendant testified to were "unsuspected" and warranted a sudden-emergency instruction hinges on whether there was "evidence which would allow the jury to conclude that an emergency existed within the meaning of the sudden-emergency doctrine." *Id*. To fall within that meaning, the icy conditions must not have been in defendant's clear view for any significant length of time, and must have been totally unexpected. *Vander Laan*, 385 Mich at 232. The following facts created a genuine issue of material fact whether the icy conditions on Lapeer Road that day were "unsuspected" circumstances: (1)

defendant's trial testimony that it was "extremely cold. . . . probably one of the coldest days of the year," (2) defendant's testimony that he "slid" into the back of plaintiff's truck, and (3) plaintiff's testimony that the ice was not on the road—it was on the side of the road.

With these facts, defendant produced sufficient evidence to allow a jury to conclude that the presumption of negligence under MCL 257.402(a) had been rebutted and that the icy conditions were circumstances surrounding the accident that presented "a situation that is unusual or unsuspected." *White*, 275 Mich App at 622. Therefore, plaintiff was not entitled to an instruction that presumption of negligence under MCL 257.402(a) had been established and that defendant was presumed negligent. Because the instructions otherwise properly presented the applicable law "adequately and fairly" to the jury, reversal is not required. *Case*, 463 Mich at 6.

Additionally, as the trial court noted and plaintiff conceded during post-trial motions, the jury could have simply concluded that defendant was not negligent in the operation of his vehicle given the totality of the circumstances. Evidence in fact supports either of two conclusions: defendant should have better anticipated the possibility of unanticipated ice on the road and maintained a greater distance, or defendant used ordinary care under the circumstances. Here, the jury could have concluded that defendant overcame the presumption by his testimony that he drove carefully, slowly, and at a reasonable distance, but slid on ice that *plaintiff* had described as unexpected. Defendant advanced a plausible and exculpatory explanation for the collision which supports the jury's verdict.[2] Thus, whether defendant's explanation fits squarely into the framework of the "sudden emergency" doctrine is, in the end, not dispositive.

## B. EVIDENTIARY ERROR

Next, plaintiff argues that the trial court erroneously granted defendant's motion in limine to exclude evidence of his driving record.

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004). "An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes," *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016), citing *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), but "[a] court necessarily abuses its discretion when it 'admits evidence that is inadmissible as a matter of law,' " *Craig ex rel Craig*, 471 Mich at 76, quoting *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003). Nonetheless, any evidentiary error will not warrant appellate relief " 'unless refusal to

---

[2] It bears emphasis that the sudden emergency doctrine is not the only legal basis under which a defendant may rebut the presumption of negligence. In *Zeni v Anderson*, 397 Mich 117, 129 n 8; 243 NW2d 270 (1976), the Supreme Court cited the excuses for violating a statute listed in the Restatement Torts, 2d, which include being "confronted by an emergency not due to his own misconduct[.]" 2 Restatement Torts 2d, § 288A, p 33. The Court specifically noted that the Restatement's list is "not intended to be exclusive." *Zeni*, 397 Mich at 129, fn 8.

take this action appears . . . inconsistent with substantial justice,' " MCR 2.613(A) (harmless error), or affects " 'a substantial right of the [opposing] party,' " MRE 103(a). *Craig ex rel Craig*, 471 Mich at 76 (alterations in original).

MRE 402 provides: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court. Evidence which is not relevant is not admissible." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Additionally, MCL 257.731 provides that "[e]vidence of the conviction or civil infraction determination of a person for a violation of this chapter or of a local ordinance pertaining to the use of motor vehicles shall not be admissible in a court in a civil action."

In response to defendant's motion in limine to exclude evidence of his driving record, plaintiff argued that under MRE 404(b), evidence of defendant's driver's license suspension for "multiple traffic code violations, such as following too closely and speeding tickets," was admissible to establish his knowledge and absence of mistake. In granting defendant's motion in limine to exclude evidence of his driving record, the trial court concluded that it would "be more prejudicial than probative, but more significantly, it's not relevant."

Before this Court plaintiff relies principally on *Sting v Davis*, 384 Mich 608; 185 NW2d 360 (1971), for the proposition that "a driving record is a crucial evidence for [the] jury to determine the truth of parties' testimony as to the exercise of due care." The Supreme Court's discussion in *Sting* is not of great relevance here because it concerned the application of an outdated evidentiary rule and the old contributory negligence standard applied to automobile negligence cases. See *id*. at 612-614.

Notwithstanding whether the evidence was admissible according to caselaw or statute, as a general matter, the evidence was—as the trial court concluded—not relevant. Plaintiff was required to prove that defendant was negligent, M Civ JI 36.15, and "[t]o establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case*, 463 Mich at 6.

Evidence that defendant's driver's license was suspended for "multiple traffic code violations, such as following too closely and speeding tickets," was not relevant because it had no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," MRE 401, with respect to the elements of negligence. Therefore, because the evidence of defendant's driving record was generally irrelevant, it was inadmissible. MRE 402.

Additionally, even if we assume the evidence was offered for a proper purpose under MRE 404(b)(1)—to establish defendant's knowledge and absence of mistake—it was within the court's sound discretion to exclude it. Regardless of how plaintiff characterizes the purpose of offering the evidence, it nonetheless appears to be improper propensity evidence. Specifically, the fact that defendant was *subsequently* issued citations in 2015 for following too closely and speeding proves that defendant has a propensity to follow too closely behind other vehicles and at a high speed, and he acted in accordance with that propensity on the day of the collision in this case. Thus, the evidence might have been used to establish that defendant breached his duty of care without any consideration given to the actual evidence of what led to this collision. Therefore, notwithstanding any purported grounds for admissibility by virtue of the enumerated proper purposes under MRE 404(b)(1), the trial court properly acted within its discretion to exclude it because "its probative value [was] substantially outweighed by the danger of unfair prejudice," MRE 403. Because the trial court's decision to exclude evidence of defendant's driving record was within the "range of principled outcomes," *Baynesan*, 316 Mich App at 651, it did not amount to an abuse of discretion.[3]

## C. ATTORNEY FEES AND COSTS

The parties participated in case evaluation on December 22, 2016, and the panel returned a $25,000 award for plaintiff, which defendant accepted and plaintiff rejected. The parties subsequently participated in facilitation on January 30, 2017. Plaintiff does not dispute rejecting the case evaluation award, nor does he dispute the trial court's findings pertaining to taxation of costs and reasonable attorney fees. Rather, he argues that he accepted an award resulting from the January 30, 2017 "remediation evaluation," thereby nullifying the effect of his rejection of the case evaluation award. According to plaintiff, once defendant "agreed to the second mediation, the parties were no longer bound by the first mediation," because the first mediation evaluation was vacated.

This Court reviews a circuit court's award of costs for an abuse of discretion. *Badiee v Brighton Area Sch*, 265 Mich App 343, 377; 695 NW2d 521 (2005). "An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes." *Baynesan*, 316 Mich App at 651. The trial court's imposition of case evaluation sanctions on plaintiff did not amount to an abuse of discretion.

MCR 2.403(O) pertinently provides:

---

[3] In light of this conclusion, we need not address whether this evidence was inadmissible under MCL 257.731.

(1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

* * *

(6) For the purpose of this rule, actual costs are

(a) those costs taxable in any civil action, and

(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation, which may include legal services provided by attorneys representing themselves or the entity for whom they work, including the time and labor of any legal assistant as defined by MCR 2.626.

Plaintiff relies on *Mickowski v Keil*, 165 Mich App 212, 213-214; 418 NW2d 389 (1987), for the proposition that "[b]ecause the initial evaluation was vacated, it may not be used as a predicate to support an imposition of sanctions under MCR 2.403(O)." In *Mickowski*, 165 Mich App at 213, the parties participated in mediation, following which the plaintiffs rejected the award but the defendants accepted it. The parties subsequently agreed to participate in a second mediation, i.e., a "remediation," but it was never held and the matter proceeded to trial where the jury returned a verdict for the defendants. *Id*. at 213-214. The defendants moved for costs based on the plaintiffs' rejection of the initial mediation award, but their motions were denied. *Id*. at 214. On appeal, the defendants argued that the initial mediation award still stood because the remediation was never held. *Id*. Therefore, the defendants averred that they were entitled to costs pursuant to the court rule that preceded MCR 2.403(O)(1), because plaintiffs rejected the initial mediation award. *Id*. This Court disagreed, reasoning "that the parties are no longer bound by the mediation award. The parties met in camera, and all agreed to remediation. An order appointing a panel for remediation was signed and subsequently entered. Thus, the initial mediation award was effectively vacated." *Id*.

We reject plaintiff's argument because the January 30, 2017 facilitation was not a second case evaluation under MCR 2.403, but a private mediation under MCR 2.411. Consequently, *Mickowski* does not apply as the only case evaluation that the parties participated in was held on December 22, 2016, and the verdict returned was in defendant's favor, i.e., a judgment for no cause of action. Therefore, because plaintiff "rejected an evaluation and the action proceed[ed] to verdict, that party must pay the opposing party's actual costs," as the verdict was not more favorable to the rejecting party than the case evaluation, MCR 2.403(O)(1). The trial court's decision to impose case evaluation sanctions pursuant to MCR 2.403(O)(1) was within the "range of principled outcomes," *Baynesan*, 316 Mich App at 651, and did not amount to an abuse of discretion.

Affirmed.  Defendant, having prevailed in full, may tax costs.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher